# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL MOLOCK,** *individually and on behalf of others similarly situated*, **5020 A Street, S.E Washington, D.C. 20019** | |
| **and** | |
| **RANDAL KUCZOR,** *individually and on behalf of others similarly situated*, **5020 A Street, S.E Washington, D.C. 20019** | **Civ. No.:** _____ |
| **Plaintiffs,** | |
| **v.** | |
| **WHOLE FOODS MARKET, INC.** **550 Bowie Street** **Austin, TX 78703-4644** | |
| **Serve:   C T CORPORATION SYSTEM** **1999 Bryan St., Ste. 900** **Dallas, TX 75201** | |
| **and** | |
| **WHOLE FOODS MARKET GROUP, INC.** **550 Bowie Street** **Austin, TX 78703-4644** | |
| **Serve:   C T CORPORATION SYSTEM** **1015 15th Street NW** **Suite 1000** **Washington, DC 20037** | |
| **Defendants.** | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Michael Molock and Randall Kuczor, individually and on behalf of all others

1

similarly situated, allege for their Complaint herein as follows:

## PRELIMINARY STATEMENT

1.      Whole Foods engaged in a nation-wide scheme to strip hard-working employees of earned bonuses in order to maximize their own profit. Whole Foods stole employee bonuses as part of its "Gainsharing" program through a corporate practice known as "shifting labor costs."  Whole Foods has publicly admitted that it has failed to pay employee bonuses earned under the "Gainsharing" program.   Upon information and belief, Whole Foods has falsely understated, however, the number of stores as to which this unlawful practice occurred, suggesting that it only occurred in nine (9) stores. Accordingly, Plaintiffs bring this class action lawsuit on behalf of themselves and all others similarly situated to recover all wages owed to employees under the "Gainsharing" program, plus interest, penalties, and all other compensatory and punitive damages available to them under applicable law.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §
1332, as this matter involves a controversy between citizens of different states and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs. This Court also has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(d), as the amount in controversy exceeds the value of $5,000,000.00, this is a class action, and one or more Plaintiffs is a citizen of a state different from the state of citizenship of one or more of the defendants.

3.      This Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(1) and D.C. Code § 13-423(a)(1)-(4).

4.      Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(b)(2) as acts and/or omissions alleged in this Complaint occurred in the District of Columbia.  Moreover, the Defendants are found, reside, or transact business in the District of Columbia.

## PARTIES AND RELEVANT PERSONS

5.      Plaintiff Michael Molock is an individual residing in the District of Columbia.  He has been employed by Defendants since 2012, through the present at the store located at 1440 P Street N.W., Washington, D.C.  Mr. Molock has worked in the prepared foods and the specialty departments of the defendants, in each instance as a Team Member.  Mr. Molock's salary ranged from approximately $11 per hour to $13 per hour.  At all times relevant, Mr. Molock and all others similarly situated were employees as defined by D.C. Code § 32-1301(2).

6.      Plaintiff Randal Kuczor is an individual residing in the District of Columbia.  He had been employed by Defendants since October 2003, through November 2015, at which time he resigned.  Mr. Kuczor worked at the store located at 1440 P Street N.W., Washington, D.C.  in the specialty department of the defendants, in each instance as a Team Member.  Mr. Kuczor's salary ranged from approximately $8.25 per hour to $20.85 per hour.  At all times relevant, Mr. Kuczor and all others similarly situated were employees as defined by D.C. Code § 32-1301(2).

7.      Defendant Whole Foods Market, Inc. is a for-profit corporation formed and organized under the laws of the State of Texas with its principal place of business located at 550 Bowie Street, Austin, TX 78703.  Defendant Whole Foods Market, Inc. owns and operates approximately 466 grocery stores in North America.  At all times relevant, Defendant Whole Foods Market, Inc. conducted substantial business activities in the District of Columbia by operating several grocery stores in the District of Columbia.  At all times relevant, Defendant Whole Foods Market, Inc. employed Plaintiff in the position of Team Member in the store

located at 1440 P Street NW, Washington, DC 20005 and other stores located in the Washington, D.C. metropolitan area.  Upon information and belief, at all times relevant, Defendant Whole Foods Market, Inc. operated as part of a joint venture with Defendant Whole Foods Market Group, Inc. with the common purpose of maximizing profits.  Each entity had an equal right to control the manner in which the joint venture operated.  In addition, at all times relevant, Defendant Whole Foods Market Group, Inc. was the actual and/or apparent agent for the Whole Foods Market, Inc.   All times relevant, Defendant Whole Foods Market, Inc. was an employer as defined by D.C. Code § 32-1301(1).

8.      Defendant Whole Foods Market Group, Inc. is a for-profit corporation formed and organized under the law of Delaware with its principal place of business located at 550 Bowie Street, Austin, TX 78703.  Defendant Whole Foods Market Group, Inc. owns and operates approximately 466 grocery stores in North America. At all times relevant, Defendant Whole Foods Market Group, Inc. conducted substantial business activities in the District of Columbia by operating several grocery stores in the District of Columbia. At all times relevant, Defendant Whole Foods Market, Inc. employed Plaintiff in the position of Team Member in the store located at 1440 P Street NW, Washington, DC 20005 and other stores located in the Washington, D.C. metropolitan area.  Upon information and belief, Defendant Whole Foods Market Group, Inc. is a 100% wholly owned subsidiary of Defendant Whole Foods Market, Inc.  All times relevant, Defendant Whole Foods Market Group, Inc. was an employer as defined by D.C. Code § 32-1301(1).

9.      Defendants in this matter are jointly and severally liable to Plaintiffs for the damages sustained by Plaintiffs.

## FACTS COMMON TO ALL COUNTS

**Plaintiff Earned Bonuses Under the Gainsharing Program**

10.　　As an employee of Defendants since 2012, the departments in which Plaintiff Molock worked generated surpluses, which entitled Plaintiff Molock and all others in his departments to bonuses under the "Gainsharing" program. However, Defendants' illicit practice of shifting labor costs, stripped Plaintiff and all others similarly situated of their hard-earned bonuses, depriving them of fair compensation.

11.　　As an employee of Defendants since 2003, the department in which Plaintiff Kuczor worked generated surpluses, which entitled Plaintiff Kuczor and all others in his department to bonuses under the "Gainsharing" program. However, Defendants' illicit practice of shifting labor costs, stripped Plaintiff and all others similarly situated of their hard-earned bonuses, depriving them of fair compensation.

**Whole Foods Failed to Pay Plaintiff and Putative Class Members Bonuses Earned Under the Gainsharing Program**

12.　　At all relevant times, Whole Foods had in place a "Gainsharing" program that provided bonuses to employees, including Team Members. This bonus program was established at all of Defendants' stores throughout the country. Specifically, the "Gainsharing" program provides automatic bonuses to employees who work in departments that come in under budget (i.e., generate a surplus). The "Gainsharing" program is designed to increase department productivity and revenue. If a department has a surplus, the surplus is distributed among the employees in that specific department as a bonus. Employees, including Plaintiffs, relied on this program in deciding to work at Whole Foods.

13.     Defendants intentionally manipulated the program and illicitly engaged in a nation-wide corporate practice of "shifting labor costs" in order to pad its profits.  The unlawful practice would work as follows: if one department failed to operate within its budget, labor costs of the under-performing department were inappropriately shifted to the over-performing department that had money left over in its budget. As a result, the bonuses earned by the hard-working employees of the over-performing department would be reduced by the costs it absorbed from the under-performing department(s).  By way of a hypothetical, assume a store had a specialty department and a prepared foods department that had a budget of $100,000 per month each.  Further assume that the specialty department underperformed by generating costs of $120,000 in the month and the prepared foods department over-performed by generating $80,000 of costs in the month.  In this hypothetical, under the "Gainsharing program," the $20,000 surplus generated by the prepared foods department should be distributed to the employees of that department as a bonus.   In this example, however, pursuant to the unlawful corporate practice of "shifting labor costs," the $20,000 of excess costs incurred by the specialty department would be transferred to the prepared foods department, wiping out the surplus and thereby robbing hard-working employees of earned bonuses.

14.     This illicit corporate practice of shifting labor costs was a decision made at the executive level by Whole Foods, and it was designed to pad company profits by literally stealing the bonuses earned by Defendants' own employees.

15.     Whole Foods additionally avoided paying bonuses to its employees under the "Gainsharing" program by establishing "Fast Teams." "Fast Teams" were created in order to permit employees to float from one department to another for the purpose of helping departments out as needed.  Although Whole Foods attempted to sell this concept of Fast Teams as a way of

improving the service levels for all departments, Defendants used the "Fast Teams" system to undermined the "Gainsharing" program by shifted labor costs among departments without properly accounting for it.  By not accurately recording the work of Fast Team members, Defendants further failed to appropriately administer bonuses under the "Gainsharing" program.


**Whole Foods Admitted that it Failed to Pay its Employees under the Gainsharing Program**

16.     On or about December 13, 2016, Whole Foods admitted in a story published by the Associated press that it had "fired nine store managers in the Whole Foods supermarkets says it has fired nine store managers in the mid-Atlantic region for manipulating a bonus program to their benefit."

17.     On or about December 15, 2016, Whole Foods stated to the Washington Post that the incident was still under investigation but that the wage theft was isolated to nine (9) of its 457 stores.  Upon information and belief, Whole Foods grossly understated and misrepresented the number of stores involved. It is believed that this is a nation-wide practice, as evidenced in part by a lawsuit brought by nine store managers against Whole Foods for blowing the whistle on the alleged nation-wide practice of wage theft by Whole Foods.


## CLASS ACTION ALLEGATIONS

18.     Plaintiffs seek to bring this case on behalf of themselves and all other employees of Whole Foods who were employed by Whole Foods in the District of Columbia, the entire Washington Metropolitan area, and throughout the country.  Accordingly, this case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) and (3).

19.     The class shall be defined as past and present employees of Whole Foods who

were not paid wages earned under the "Gainsharing" program.  The class shall include the

following subclass:

      a.  Past and present employees of Whole Foods who were employed in the District of Columbia and did not receive all wages earned at least twice during each calendar month on regular paydays in violation of the DCWPCL.

      b.  Past and present employees of Whole Foods who were employed in the District of Columbia and were not paid all wages earned within 7 days after resignation or termination.

20.     The proposed class is so numerous that joinder of all members is impractical.  On information and belief, Defendants employ approximately 91,000 workers.  Upon information and belief, there are at least twenty thousand (potentially many more) past and present employees of Whole Foods who were not properly paid wages as required under the Whole Foods "Gainsharing" Program.

21.     There are common questions of law and fact common to the class, because Defendants failed to pay its employees all earned wages under the "Gainsharing" program. The failure to pay its employees wages under the "Gainsharing" resulted from the common, corporate-wide practice of "shifting labor costs."

22.     Defendants' failure to properly and fully compensate employees of Whole Foods was common as to all employees, because Whole Foods failed to pay their employees bonuses that had been earned under the "Gainsharing" program.  Accordingly, the wage theft against Plaintiff is typical, and representative, of the wage theft suffered by all past or present employees of Whole Foods.

23.     Plaintiffs can, and will, adequately represent the interests of the class because Plaintiffs are similarly situated with, and have suffered similar injuries as, the members of the class they seek to represent.  Plaintiffs have no interests that conflict with or antagonistic to the

8

interests of the entire class.  Plaintiffs have retained Salvatore Zambri of Regan Zambri Long,

PLLC, which is competent to represent the Class and will vigorously prosecute this litigation.

24.     In accordance with Fed. R. Civ. P. 23(b)(1) and (3), this class action is superior to

any other available method for the fair and efficient adjudication of the controversy because:

    a.  Common questions of law and fact predominate over any individual questions that may arise, because all claims involve the Defendants' failure to pay their employees their full compensation as required under the "Gainsharing" program.  The failure to pay their employees all wages under the "Gainsharing" program was a result of Whole Foods' corporate-wide practice of shifting labor costs.

    b.  No member of the Class has a substantial interest in individually controlling the prosecution of a separate action.

    c.  Upon information and belief, there are no pending lawsuits concerning this controversy.

    d.  It is desirable to concentrate the litigation of these claims in this forum since the acts complained of took place in the District of Columbia and this forum is convenient to the parties, the class members, and potential witnesses.   The resolution of the claims of all class members in a single forum, and in a single proceeding, would be fair and efficient means of resolving the issues raised in this litigation.

    e.  The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class, and adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests  of  the other members not party to the adjudications or substantially impair or impede their ability to protect their interests.

    f.  This class is specifically identifiable to facilitate provision of adequate notice and there will be no significant problems managing this case as a class action.

    g.  Resolution of class members' claims in this single class action is superior to resolution of this controversy through the filing of a host of individual actions as a matter of efficiency, consistency and in that it removes economic and other barriers to class members pursuing their claims. Absent this class action, class members will not likely obtain redress of their injuries and Defendants would retain the proceeds of their violations of the laws of the District of Columbia.

## COUNT I
### (BREACH OF CONTRACT AND
### BREACH OF GOOD FAITH AND FAIR DEALING)

25.     Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

26.     At all times relevant, an express and/or implied contract existed between Plaintiffs and Whole Foods.  Pursuant to that contract, Whole Foods agreed to pay Plaintiffs bonuses under the Gainsharing program.  Under that contract, if Plaintiffs' departments operated under its budget, Plaintiffs and their coworkers in that department would receive the surplus as a bonus.

27.     Whole Foods breached its contract with Plaintiffs by failing to pay Plaintiffs bonuses that had been earned under the Gainsharing program.  Whole Foods further breached its contract with Plaintiffs by shifting the labor costs among departments, thereby depriving Plaintiffs of the bonuses that they had earned.

28.     As a direct result of the breach of contract and implied duty of good faith and fair dealing, Plaintiffs were caused to suffer severe damages to be determined at trial.

29.     WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated,  pray for relief in the form of a judgment against Defendants, jointly and severally, by awarding Plaintiffs compensatory damages; punitive damages; equitable relief; reasonable attorney's fees and expenses; court costs; and any other relief the Court deems proper.

## COUNT II
### (UNJUST ENRICHMENT)

30.     Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

31.     At all times relevant, Plaintiffs conferred a benefit on Defendants.  Specifically, as

part of their employment, Plaintiffs worked in their department at the Whole Foods stores at various stores under budget.  Under Whole Foods agreement with Plaintiffs, when the departments in which Plaintiffs worked were under budget, the surplus was to be disbursed to Plaintiffs and their coworkers as a bonus.

32.     Rather than pay Plaintiffs (and those similarly situated) the bonuses they earned through the "Gainsharing" program, Whole Foods retained the surplus for its own benefit and to increase its profit margin.

33.     Because Whole Foods retained the budget surplus for its own benefit, rather than pay the budget surplus to its employees as it agreed, Whole Foods unjustly enriched itself at the expense of their employees.

34.     WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated,  pray for relief in the form of a judgment against Defendants, jointly and severally, by awarding Plaintiffs compensatory damages; punitive damages; equitable relief; reasonable attorney's fees and expenses; court costs; and any other relief the Court deems proper.


## COUNT III
### (FAILURE TO PAY WAGES UPON DISCHARGE IN VIOLATION OF D.C. WAGE PAYMENT AND COLLECTION LAW, D.C. CODE § 32-1303)
(Washington, D.C. Subclass)

35.     Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

36.     Plaintiff Kuczor entered into a forced resignation, pursuant to an alleged reduction in force from him his employment with Defendants on or about November 6, 2016.  Defendants, however, willfully failed to pay Plaintiff  Kuczor all wages owed to him not later than the working day following such discharge in violation of D.C. Code § 32-1303. At the time Plaintiff

Kuczor entered into a severance agreement, Defendants willfully, wantonly, recklessly, and without regard to the well-being of Plaintiff, withheld from him the fact that they engaged in fraudulent conduct, stripping him of bonuses to which he was entitled.

37.     Specifically, Defendants owe Plaintiff Kuzcor the bonuses that he earned under the "Gainsharing" program that Defendants failed to pay Plaintiff as the result of the Defendants' unlawful shifting of labor costs.

38.     Pursuant to D.C. Code § 32-1303(4), Plaintiff Kuczor is entitled to liquidated damages in the amount of ten percent (10%) of the unpaid wages per working day after the day that wages were due or an amount equal to treble the unpaid wages, whichever is smaller.

39.     Under D.C. Code § 32-1308, Plaintiff Kuczor is entitled to costs of this action, including reasonable attorneys'-fees, expert witness fees, depositions fees, witness fees, juror fees, filing fees, certification fees, the costs of collecting and presenting evidence, and any other costs incurred in connection with obtaining, preserving, or enforcing the judgment.

40.     WHEREFORE, Plaintiff Kuczor, on behalf of himself and all others similarly situated, prays for relief in the form of a judgment against Defendants, jointly and severally, by awarding Plaintiff Kuczor and all others similarly situated compensatory damages; liquidated damages in the amount of treble unpaid wages; punitive damages; equitable relief; reasonable attorneys'-fees and expenses; court costs; and any other relief the Court deems proper.

**COUNT IV**
**(FAILURE TO PAY WAGES IN VIOLATION OF**
**D.C. WAGE PAYMENT AND COLLECTION LAW, D.C. CODE § 32-1302)**
(Washington, D.C. Subclass)

41.     Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

42.     Under D.C. Code § 32-1302, "[e]very employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer." Wages that must be paid at least twice a month on regular paydays, includes commission based wages.

43.     Defendants violated D.C. Code § 32-1302 by failing to pay Plaintiffs, and all others similarly situated, all of their earned wages, including wages for their contractually agreed upon commissions, at least twice during each calendar month.

44.     WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated,  pray for relief in the form of a judgment against Defendants, jointly and severally, by awarding Plaintiffs and all others similarly situated compensatory damages; liquidated damages in the amount of treble unpaid wages; punitive damages; equitable relief; reasonable attorneys'-fees and expenses; court costs; and any other relief the Court deems proper.


## COUNT V
### (FAILURE TO MAINTAIN ACCURATE EMPLOYMENT RECORDS
### D.C. MINIMUM WAGE ACT, D.C. CODE § 32-1008)
(Washington, D.C. Subclass)

45.     Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

46.     Under D.C. Code § 32-1008, every employer "shall make, keep, and preserve for a period of not less than 3 years or whatever the prevailing federal standard is, whichever is greater, a record of: (A)  The name, address, and occupation of each employee; (B)  A record of the date of birth of any employee under 19 years of age; (C)  The rate of pay and the amount paid each pay period to each employee; (D)  The precise time worked each day and each workweek by each employee.…"

47.     Defendants violated D.C. Code § 32-1008 by failing to maintain accurate records with respect to employee bonuses under the "Gainsharing" program.  Indeed, Whole Foods admitted that records had been falsified with respect to the "Gainsharing" program that deprived employees of their earned bonuses.

48.     As a result of Defendants' failure to maintain accurate employment records relating to the "Gainsharing" program, Plaintiffs have suffered significant damages.

49.     WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated,  pray for relief in the form of a judgment against Defendants, jointly and severally, by awarding Plaintiffs compensatory damages; liquidated damages in the amount of treble unpaid wages; punitive damages; equitable relief; reasonable attorneys'-fees and expenses; court costs; and any other relief the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief in the form of a judgment against all Defendants, jointly and severally, for compensatory damages reflecting all monies lawfully owed to Plaintiffs, plus interest, in excess of $75,000; liquidated damages in the amount of treble unpaid wages; punitive damages in the amount of $200 million or ten percent (10%) of the net value of Defendants, whichever is higher; equitable relief, pre- and post-judgment interest and costs; attorneys'-fees; and any other relief the Court deems proper and just.

## JURY AND TRIAL DEMAND

Plaintiffs hereby demand a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

REGAN ZAMBRI LONG


By: */s/ Salvatore J. Zambri*          _____
    Salvatore J. Zambri (D.C. Bar No. 439016)
    1919 M Street, NW, Suite 350
    Washington, DC 20036
    PH:    (202) 463-3030
    FX:    (202) 463-0667
    Email: szambri@reganfirm.com
    *Counsel for Plaintiffs*