**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL MOLOCK, individually and on behalf of others similarly situated,** | : |
| **and** | : |
| **RANDAL KUCZOR, individually and on behalf of others similarly situated,** | : |
| Plaintiffs, | : Case No. 1:16-cv-02483-APM |
| | Judge Amit P. Mehta |
| v. | : |
| **WHOLE FOODS MARKET, INC., and WHOLE FOODS MARKET GROUP, INC.,** | : |
| Defendants. | : |
| | : |

**PLAINTIFFS' MOTION TO CONDUCT CLASS-CERTIFICATION DISCOVERY AND EXTEND TIME TO FILE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Pursuant to Federal Rules of Civil Procedure 6(b)(1) and 23(d), Plaintiffs, Michael Molock and Randal Kuczor, on behalf of themselves and others similarly situated, respectfully move the Court to enter an order (1) allowing the parties to conduct class-certification discovery and (2) extending Plaintiffs' deadline to move for class certification under Rule 23(c)(1) until sixty (60) days after the close of class-certification discovery. As set forth in Plaintiffs' accompanying Memorandum of Points and Authorities, there is good cause to extend the time for Plaintiffs' motion for class certification.

Dated: January 30, 2017

        Respectfully submitted,

        REGAN ZAMBRI LONG

By:   */s/ Salvatore J. Zambri*
      Salvatore J. Zambri    D.C. Bar No. 439016
      szambri@reganfirm.com
      Christopher J. Regan   D.C. Bar No. 1018148
      cregan@reganfirm.com
      1919 M Street, NW, Suite 350
      Washington, DC 20036
      PH:  (202) 463-3030
      FX:  (202) 463-0667
      *Counsel for Plaintiffs*

## LCvR 7(m) CERTIFICATION

    I hereby certify that I have, on multiple occasions since December 29, 2016, contacted Defense Counsel in an attempt to obtain Defendants' consent for the relief requested herein. Defense Counsel has not, as of the date of filing, provided consent.

        /s/ *Salvatore J. Zambri*
        Salvatore J. Zambri

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MICHAEL MOLOCK, individually and on behalf of others similarly situated,** | : | |
| | : | |
| and | : | |
| | : | |
| **RANDAL KUCZOR, individually and on behalf of others similarly situated,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 1:16-cv-02483-APM |
| | | **Judge Amit P. Mehta** |
| v. | : | |
| | : | |
| **WHOLE FOODS MARKET, INC., and WHOLE FOODS MARKET GROUP, INC.,** | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO CONDUCT CLASS-CERTIFICATION DISCOVERY AND
EXTEND TIME TO FILE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

In support of their Motion to Conduct Class-Certification Discovery and Extend Time to File Plaintiffs' Motion for Class Certification ("Motion"), Plaintiffs state as follows:

**I.    RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

As set forth in the Complaint, this case arises out of a scheme by Defendants Whole Foods Market, Inc. and Whole Foods Market Group, Inc. (together, "Whole Foods") to manipulate employment records and improperly shifting costs from one department to another within their stores, depriving their employees of the bonuses they had earned, while maximizing Whole Foods' own profits.

On behalf of themselves and their fellow current and former employees, Plaintiffs filed this action on December 20, 2016. In December 2016, Defendants contacted Plaintiffs' Counsel

to request a fourteen-day extension of time within which to file their responsive pleading, to which Plaintiffs consented. (*See generally* Defs.' Consent Mot. to Extend Time to Answer or Otherwise Respond to Plaintiffs' Complaint. (ECF No. 5)). At that same time, Plaintiffs' Counsel requested that Defendants' consent to the relief requested herein. As of the time of this filing, Defense Counsel has not consented to the relief sought.

## II. ARGUMENT

Under Local Civil Rule 23.1(b), plaintiffs must move for class certification "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the Court in the exercise of its discretion has extended this period." LCvR 23.1(b). One reason for which courts commonly extend this 90-day period is in order to allow the parties to conduct class-certification discovery. The Ninth Circuit has explained the underlying rationale for class-certification discovery as follows:

> Rule 23(c)(1) provides that '[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.' In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination. The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion. Where the necessary factual issues may be resolved without discovery, it is not required.

*Kamm v. California City Dev. Co.*, 509 F.2d 205, 209–10 (9th Cir. 1975); *see also Mills v. Billington*, No. CIV.A. 04-CV-2205, 2013 WL 4478948, at *2 (D.D.C. Aug. 21, 2013) (Mag. J. Facciola) (unreported decision) ("Permitting discovery regarding class certification lies within the discretion of the trial court.").

Recognizing the need for class-certification discovery, this Court has regularly extended the 90-day period in order to allow the parties to conduct class-certification discovery. *See, e.g.*, *Smith v. Ergo Sols., LLC*, 306 F.R.D. 57, 67 (D.D.C. 2015) (holding that "pre-certification discovery is warranted" before the Court ruled on class certification); *see also In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 172 (D.D.C. 2009) (holding that pre-certification "discovery is necessary to resolve certification issues").

Here, Plaintiffs bring this action on behalf of themselves and their current and former co-workers in connection with Defendants' willful failure to pay its employees the wages they had fairly earned. (*See generally* Compl. (ECF No. 1)). Plaintiffs filed their Complaint, as a class action under Rule 23, on December 20, 2016. The instant Motion thus falls well within the default 90-day period established by Local Rule 23.1(b). As such, the request is timely.

Good cause exists to extend the deadline for Plaintiffs' motion for certification because the Parties have not had the opportunity to engage in class-certification discovery. Indeed, due to their (consented-to) extension of time within which to file a responsive pleading, Defendants have not yet even responded to Plaintiffs' Complaint. In this case, class-certification discovery will be necessary in order for Plaintiffs to establish the prerequisites of Rule 23(a). Specifically, employment records, including time sheets, payroll records, and other business records, as well as manager/employee manuals, policies, and practices are all in the sole custody of Defendants. Those documents will be crucial in order for the Court to fully evaluate the Rule 23 prerequisites of numerosity, commonality, and typicality. *See* FED. R. CIV. P. 23(a). Similarly, deposition testimony from corporate designees will allow the Court to assess the payroll and documentation practices of Defendants as they related to Whole Foods' "Gainsharing" program and its corporate practice of "shifting labor costs." (*See* Compl. at ¶¶ 1, 10-17 (ECF No. 1)).

**III. CONCLUSION**

As permitted under the established precedent of this Court, and for good cause shown, Plaintiffs respectfully request that the Court enter an order granting the parties the right to take class-certification discovery and extending the deadline for Plaintiffs' motion for class certification until sixty (60) days after the conclusion of said discovery.

Dated: January 30, 2017

                                              Respectfully submitted,

                                              REGAN ZAMBRI LONG

By:   */s/ Salvatore J. Zambri*
       Salvatore J. Zambri     D.C. Bar No. 439016
       szambri@reganfirm.com
       Christopher J. Regan   D.C. Bar No. 1018148
       cregan@reganfirm.com
       1919 M Street, NW, Suite 350
       Washington, DC 20036
       Pʜ:  (202) 463-3030
       Fx:  (202) 463-0667
       *Counsel for Plaintiffs*