UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL MOLOCK, individually and on behalf of others similarly situated, § § § | |
| And § § | |
| RANDAL KUCZOR, individually and on behalf of others similarly situated, § § § | |
| And § § | |
| CARL BOWENS, individually and on behalf of others similarly situated, P.O. Box 456 Temple Hills, MD  20757 § § § § § § | |
| And § § | |
| JOSE FUENTES, individually and on behalf of other similarly situated, 2612 Elnora Street Silver Spring, MD  20902 § § § § § § | Case No. 1:16-cv-02483-APM |
| And § § | Judge Amit P. Mehta |
| CHRISTOPHER MILNER, individually and on behalf of others similarly situated, 348 Barnsley Drive Evans, GA  30809 § § § § § | |
| And § § | |
| JON PACE, individually and on behalf of others similarly situated, 1111 Congress Street, SE Washington, DC  20032 § § § § § § | |
| And SARAH STRICKLAND, individually and on behalf of others similarly situated, 1104 W. Queens Place Broken Arrow, OK  74012 § § § § § § § | |
| Plaintiffs, § | |

NY 246579258v1

|  |  |
|---|---|
| v. | § |
|  | § |
| WHOLE FOODS MARKET, INC., and | § |
| WHOLE FOODS MARKET GROUP, | § |
| INC., | § |
|  | § |
|  | § |
| Defendants. | § |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT

Defendants, by and through undersigned counsel, hereby oppose Plaintiffs' Contested Motion to Amend their First Amended Complaint and ask the Court to stay consideration of that motion pending a decision on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. In support of that opposition, Defendants state as follows:

### BACKGROUND

On Friday, May 19, the Court heard oral argument on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. During that argument, the Court not only highlighted pleading deficiencies concerning the facts supporting Plaintiffs' purported causes of action, but also questioned Plaintiffs' standing to bring some of those claims in the first place.

Then, just four days after that two-hour oral argument, and without any prompting by the Court, Plaintiffs submitted a proposed Second Amended Complaint and a contested motion seeking leave to make the new complaint the operative pleading in this matter. Plaintiffs' proposed Second Amended Complaint adds no additional claims or theories of recovery. Instead, it ostensibly attempts to rectify the deficiencies the Court pointed to during oral argument. At the same time, the proposed Second Amended Complaint adds nothing to overcome certain critical deficiencies that are addressed in the pending motion to dismiss, such as the absence of any allegations that would support the exercise of personal jurisdiction over

2

Defendant Whole Foods Market, Inc. ("WFMI"). A ruling now would avoid the need to re-litigate certain issues that already have been fully briefed and carefully considered by the Court.

Plaintiffs' request not only cheapens the time the parties and Court took to prepare for oral argument, but it also seeks to delay consideration of threshold issues of personal jurisdiction, standing, and pleading sufficiency. Plaintiffs' out-of-sequence motion for leave is, at bottom, an invitation for a third round of dispositive motions practice, and represents an affront to all notions of judicial economy. Consideration of Plaintiffs' requested leave to amend should thus be stayed pending resolution of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. At that point, should the Court elect not to dismiss Plaintiffs' First Amended Complaint in its entirety with prejudice, it can consider whether certain claims can be re-pled to cure the deficiencies identified at oral argument or whether, as Defendants submit, amendment would be futile.

## ARGUMENT

To justify their request for leave to file their Second Amended Complaint, Plaintiffs point to the Court's "concerns with the level of specificity with which portions of Plaintiffs' claims ha[ve] been pled." Dkt. 24-1 at 1. Plaintiffs go on to argue that "should the Court have any misgivings regarding the specificity of Plaintiffs' pleading, Plaintiffs now request leave to amend in order to set forth in greater detail their claims against Defendants." *Id.* at 2. Plaintiffs' request to amend their complaint a third time is impractical, unnecessary, and premature, as the Court should have the opportunity to first rule on the pending Motion to Dismiss. Allowing the Court time to rule on the Motion to Dismiss would provide concrete guidance concerning the Court's concerns with Plaintiffs' complaint and would streamline future motions practice, should any be necessary.

<u>Permitting a Second Amended Complaint Before Resolving Defendants' Motion to Dismiss Would Waste the Court's and Defendants' Resources</u>

The liberal amendment standard of Federal Rule of Civil Procedure 15 is not boundless. It does not condone amendment at will or whim, and it should be applied in the interests of judicial economy, in the sequence called for by the Rules.

Under Rule 15(a), after a responsive pleading has been filed, a party can amend a complaint only with leave of the court or written consent of adverse parties. Fed. R. Civ. P. 15(a). District Courts have discretion to deny a party's motion to amend their complaint. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Denial of leave is especially appropriate where the requested leave entails "undue delay, bad faith, or dilatory motive…." *See Polsby v. Thompson*, 201 F. Supp. 2d 45, 48-49 (D.D.C. 2002), *affirmed*, 2003 WL 22305090 (D.C. Cir. Sep. 30, 2003) (quotation omitted).[1] In furtherance of the Court's authority to "control the disposition of causes on its docket with economy of time and effort for itself", *see In re H.B.*, 855 A.2d 1091, 1097 (D.C. 2004) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254, 257 (1936)), the Court also has broad discretion to "conduct pre-trial procedures to narrow issues, reduce the field of fact controversy for resolution, and to simplify the mechanics" of case resolution. *See Pac. Indemn. Co. v. Broward Cnty.*, 465 F.2d 99, 103 (5th Cir. 1973) (citing Fed. R. Civ. P. 16).

Through their Motion to Dismiss Plaintiffs' First Amended Complaint (and oral argument in support of that motion), Defendants have raised threshold jurisdictional questions regarding whether WFMI is subject to suit in this District and, in response to the Court's inquiry, whether Plaintiffs' have standing, and have also challenged whether Plaintiffs have stated claims

---

[1] While Defendants also maintain that leave to amend is improper on the grounds that amendment would be futile, *see James Madison, Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) *cert denied* 519 U.S. 1077 (1997), the Court need not address futility to grant Defendants' requested relief and stay consideration of Plaintiffs' motion for leave.

4

upon which relief can be granted. Of particular note, Defendants have argued that Plaintiffs have suffered no injuries-in-fact affording them the right to litigate any of their claims. *See Harrigan v. Yang*, 168 F. Supp. 3d 25, 33 (D.D.C. 2016) (Mehta, J.) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Allowing Plaintiffs free reign to short-circuit and stall the Court's consideration of those issues through a Second Amended Complaint would be a waste of resources and would create unnecessary delay. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction, the court may not proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). This is because, where the Court's very jurisdiction is called into question "a defendant should not be put to the trouble and expense of any further proceeding, and the time of the court should not be occupied with any further proceeding" until jurisdiction is confirmed as proper. *See United Transport Service Employees of America v. Nat'l Mediation Board*, 179 F.2d 446, 454 (D.C. Cir. 1945).

Plaintiffs' request for leave, made while the Court is considering the merits of Defendants' Motion to Dismiss, embodies the very sort of "trouble and expense" and waste of time that justifies denying leave. *See, e.g., Becker v. District of Columbia*, 258 F.R.D. 182, 185 (D.D.C. 2009) ("Waiting to move to amend until…after the filing of or ruling upon dispositive motions has been considered an undue delay") (citing *Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C. Cir. 1987) and *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008)); *see also id.* (noting that undue delay should be evaluated in light of "the status of the case at the time of the proposed amendment"). If Plaintiffs' motion for leave were granted and their Second Amended Complaint became the operative pleading, it would

effectively moot Defendants' pending Motion to Dismiss, resulting in a *third* round of dispositive motions practice without any decision from the Court on the merits of any of Plaintiffs' three complaints.

A better approach would be to postpone the Court's consideration of Plaintiffs' request for leave pending its resolution of Defendants' Motion to Dismiss.  That would afford the Court the flexibility to determine which—if any—claims should remain in this case and whether Plaintiffs even have standing to bring their claims.[2]  This approach would avoid confusion and promote efficiency.  It may even obviate the need for yet another round of motions practice, or, worse, a request by Plaintiffs for a *fourth* bite of the proverbial apple.  There can be no doubt that the clarity resulting from a ruling on the pending Motion to Dismiss would be in the interests of justice and judicial economy.

***

Plaintiffs' counsel concluded oral argument by stressing that his clients deserve "leniency" with respect to their pleadings.  Although the Court has discretion in affording leniency, its tolerance for Plaintiffs' repeated amendments should be tempered by the need for judicial economy.  In this instance, judicial economy is best served by allowing the Court to rule upon Defendants' Motion to Dismiss to determine, among other things, first, whether Plaintiffs even have standing, and second, which Defendants and claims should remain in this case (if any). The Court can then determine whether yet another amendment is in the interests of justice and what the contours of that amendment should be.

---

[2] For example, beyond the recitation that the named plaintiffs worked at the nine stores and "worked hard to increase the productivity of [their] department in order to maximize its surplus," proposed Second Amended Complaint, [paras] 27n.1 and 55, there are still no specific meaningful non-conclusory fact-based allegations demonstrating they are entitled to gainsharing bonuses.  In this regard, the proposed Second Amended Complaint is remarkably similar to the First Amended Complaint.

NY 246579258v1

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Opposed Motion to Amend the Complaint should be stayed pending resolution of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint.

Dated: June 6, 2017

Respectfully Submitted,

**GREENBERG TRAURIG, LLP**

By: /s/ *Gregory J. Casas*
Gregory J. Casas
Bar No. 455329
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: 512.320.7200
Facsimile: 512.320.7210

John H. Hempfling, II
(Admitted *Pro Hac Vice*)
Texas State Bar No. 231788
Sr. Global Litigation Counsel
Whole Foods Market Central Office
550 Bowie Street
Austin, Texas 78703
Tel: 512.542.0213
John.Hempfling@wholefoods.com

David Sellinger
Bar No. 282780
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Telephone: 973.360.7900
Facsimile: 973.301.8410

*Attorneys for Defendants Whole Foods Market, Inc. and Whole Foods Market Group, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service are being served this 6th day of June, via the Court's CM/ECF System.

                                                  */s/ Gregory J. Casas*
                                                   *Gregory J. Casas*

NY 246579258v1