**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MICHAEL MOLOCK**, *et al.*, | : | |
| **Plaintiffs,** | : | |
| **v.** | : | |
| | | **Case No. 1:16-cv-02483-APM** |
| **WHOLE FOODS MARKET, INC., and** | : | **Judge Amit P. Mehta** |
| **WHOLE FOODS MARKET GROUP, INC.,** | | |
| | : | |
| **Defendants.** | | |
| | : | |

**REPLY IN SUPPORT OF**
**PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

Plaintiffs, by and through the undersigned counsel, respectfully submit this Reply in Support of Plaintiffs' Motion to Amend the Complaint.

## I.   BACKGROUND

On Friday, May 19, 2017, the Court heard argument on Defendants' Motion to Dismiss Amended Class Action Complaint (ECF No. 15). At that hearing, the Court appeared to express concerns with the level of specificity with which portions of Plaintiffs' claims had been pled. Accordingly, on Tuesday, May 23, Plaintiffs requested leave to file a Second Amended Class Complaint and Jury Demand ("SAC"),[1] replete with factual detail for each individual named plaintiff. Characterizing the request as an "affront to all notions of judicial economy" and asserting that it "cheapens" the parties' and Court's time, Defendants oppose Plaintiff's Motion.[2]

Plaintiff's Motion derives not from a desire to cheapen, but from an imperative of respect. In their Motion to Dismiss, Defendants took issue with the specificity of the operative complaint. Plaintiffs maintain that the operative complaint (ECF No. 13) satisfies the Federal

---

[1] Pl.'s Mot. to Am. Compl. (ECF No. 24) ("Motion").
[2] Defs.' Opp. to Pl.'s Mot. to Am. Compl. (ECF No. 25) ("Opposition") at 3.

Rules of Civil Procedure and fully serves its intended purpose—to provide Defendants with fair notice of the claims against them. However, after the May 19 hearing, in an effort to allay any concerns the Court might harbor, Plaintiffs purposefully and proactively endeavored to provide a more factually specific recounting of their claims in order to remove all doubt. It is not the "amendment at will or whim" that Defendants suggest.[3]

Defendants' Opposition leans more heavily on invective than on law or logic. It does not reveal any reason for which the Court should deviate from Rule 15(a)(2)'s charge that leave should be freely given when justice so requires. Plaintiffs respectfully request that the Court grant their Motion to Amend the Complaint.

## II.   ARGUMENT

"Because amendments are to be liberally granted, the non-movant bears the burden of showing why an amendment should not be allowed." *Driscoll v. George Washington Univ.,* 42 F. Supp. 3d 52, 56 (D.D.C. 2012) (quoting *Abdullah v. Washington,* 530 F. Supp. 2d 112, 115 (D.D.C. 2008)). In their Opposition, Defendants have not carried this burden by demonstrating any reason (the traditional ones being undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility[4]) for which to depart from the general rule.

Furthermore, contrary to Defendants' arguments, there is nothing unique about the sequence of events that has transpired here. "When a party amends its complaint, a pending motion to dismiss the original complaint is ordinarily denied without prejudice so that the movant can re-file the motion based on the amended pleading." *Ellipso, Inc. v. Mann*, 460 F.Supp.2d 99, 103 (D.D.C. 2006). Plaintiffs' Motion should be granted.

---

[3] Defs.' Opp. at 4.
[4] *See Foman v. Davis,* 371 U.S. 178, 182 (1962).

**A.    Defendants have not demonstrated that Plaintiffs "unduly delayed" in moving to amend.**

The only established reason for denying leave to amend that Defendants directly argue in their Opposition is "undue delay." (Defs.' Opp. at 5). Defendants assert that the timing of Plaintiffs' Motion amounts to undue delay, and that as such, under the relevant case law, the Court should deny Plaintiffs' Motion. (Defs.' Opp. at 5). Contrary to Defendants' contentions, Plaintiffs did not unduly delay in filing their Motion. To assess the strength of this argument, one need look no farther than Defendants' citations.

In support of this proposition, Defendants cite three cases.[5] In an effort to bend the case law to their needs, however, Defendants indulge in the delights of "selective quotation." As cited by Defendants, versus as written:

> Waiting to move to amend until…after the filing of or ruling upon dispositive motions has been considered an undue delay.

(Def.'s Opp. at 5 (citing *Becker*, 258 F.R.D. at 185)).

> Waiting to move to amend until **after the close of discovery and** after the timing of or ruling upon dispositive motions has been considered an undue delay.

*Becker*, 258 F.R.D. at 185 (emphasis added). To state the obvious, in the present case, discovery has not yet begun, let alone closed. The facts of *Becker*, and of the other two cases relied upon by Defendants, are no more helpful to their argument than was the selective quotation above.  In *Becker*, the defendants waited **five years** between initially filing an answer and moving to amend it, **after the close of discovery** and after motions for summary judgment had been filed. *Becker*, 258 F.R.D. at 185. Similarly, in *Williamsburg Wax Museum*, the plaintiff waited **seven years** between initially filing a complaint and moving to amend it, **after the close of discovery**

---

[5] *Becker v. D.C.*, 258 F.R.D. 182 (D.D.C. 2009); *Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d 243 (D.C. Cir. 1987); and *Abdulla v. Washington*, 530 F. Supp. 2d 112 (D.D.C. 2008).

and after motions for summary judgment had been filed. 810 F.2d at 247.  Finally, in *Abdullah*, the defendant waited **five years** between initially filing an answer and moving to amend it, again **after the close of discovery** and after motions for summary judgment had been filed. 530 F. Supp. 2d at 115.

In this case, Plaintiffs have not unduly delayed in moving to amend the operative complaint. The Court ought not deny leave to amend on that basis.

### B.   Granting Plaintiffs leave to amend would promote, not detract from, judicial economy.

This litigation stems from a multibillion-dollar corporation's amoral manipulation of the livelihoods of its front-line workers to suit its own financial objectives. Defendants argue that the Court should stay consideration of Plaintiffs' Motion so they can receive a decision on the "merits" of the "operative complaint." (Defs.' Opp. at 6). In so arguing, they misconstrue the purpose of the civil justice system. It strives to adjudicate cases on the **merits of the underlying facts**,[6] not the "merits" of the specificity with which they have been pled (which would be merely a procedural determination). To that end, all parties have (or ought to have) an interest in deciding a motion to dismiss on as full a description of the underlying facts as the Court deems appropriate.

Furthermore, it strains credulity to think that Defendants' proposed course of action would promote an efficient use of the parties' and the Court's time. Were the Court to grant some portion of Defendants' motion to dismiss, then grant Plaintiffs leave to amend, would it

---

[6] *See Walsh v. Comey*, 315 F.R.D. 431, 432 (D.D.C. 2015) ("[I]n this circuit, 'strong policies favor resolution of disputes on their merits.'") (quoting *Mohamad v. Rajoub*, 634 F.3d 604, 606 (D.C. Cir. 2011)); *see also Jackson v. Beech*, 636 F.2d 831, 835 (D.C. 1980) ("The policy underlying the modernization of federal procedure was the abandonment or relaxation of restrictive rules which prevent the hearing of cases on their merits.") (internal quotation marks omitted).

really "obviate the need for yet another round of motions practice"? (Defs.' Opp. at 6). Is it really likely that Defendants would move forward with discovery? Or is it more logical to assume that they would yet again move to dismiss the claims against them? There is nothing "efficient" about dismissing a case on purely procedural grounds when, as here, all parties acknowledge that the plaintiffs have been wronged.[7] With an eye towards Rule 15(a)(2)'s mandate that the demands of justice inform any decision regarding amendment, judicial economy is best advanced by granting Plaintiff's Motion and considering Defendants' motion to dismiss in light of the most detailed set of facts available.

### C.   Defendants have not demonstrated that amendment would be futile.

Although Defendants never quite consummate the argument, in two footnotes in their Opposition, Defendants at least halfheartedly argue that amendment would be futile. First, in a footnote on page 4, Defendants assert that amendment would be futile, without deigning to explain why. (Defs.' Opp. at 4 n.1). Then, in a footnote on page 6, Defendants argue as follows:

> For example, beyond the recitation that the named plaintiffs worked at the nine stores and "worked hard to increase the productivity of [their] department in order to maximize its surplus," proposed Second Amended Complaint, [paras] 27n.1 and 55, there are still no specific meaningful non-conclusory fact-based allegations demonstrating they are entitled to gainsharing bonuses.

(Defs.' Opp. at 6 n.2 (citing SAC ¶¶ 27, 55)). This contention suffers from a number of shortcomings.  The citation to the SAC is simultaneously over-inclusive and under-inclusive. Neither paragraph 27 nor its footnote contains that information. Paragraph 55 does contain it, but so do paragraphs 26 and, more importantly, paragraphs 32-99, which provide detailed

---

[7] *See* Pls.' Am. Compl. (ECF No. 13) ¶¶ 1, 20-21; Pls.' 2d Am. Compl. (ECF No. 24-3) ¶¶ 1, 26-31 (chronicling Defendants' public admissions of malfeasance).

information regarding the course of employment, promises, and harms relevant to each individual plaintiff. Paragraphs 39, 47, 55, 68, 82, 89, 97, and 167 even include the same language quoted by Defendants.

Amendment would not be futile.  For the purposes of the instant Motion, it cannot be said that Defendants have met their burden of demonstrating futility through the two footnoted sentences discussed above.

### III.   CONCLUSION

Defendants have not carried their burden of "showing why an amendment should not be allowed."[8] Their contention that Plaintiffs unduly delayed in moving to amend rests entirely on a willful distortion of the relevant case law, and their suggestion that amendment would be futile is just that—a suggestion (and a footnoted one, at that). Allowing Plaintiffs to amend would further the goals of judicial efficiency and consideration of the case on its factual merits, rather than on procedural grounds. For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion to Amend the Complaint.

Dated: June 13, 2017                         Respectfully submitted,

                                             REGAN ZAMBRI LONG


                                             By:   */s/ Salvatore J. Zambri*
                                                   Salvatore J. Zambri        D.C. Bar No. 439016
                                                   szambri@reganfirm.com
                                                   Christopher J. Regan    D.C. Bar No. 1018148
                                                   cregan@reganfirm.com
                                                   1919 M Street, NW, Suite 350
                                                   Washington, DC 20036
                                                   PH:   (202) 463-3030
                                                   FX:   (202) 463-0667
                                                   *Counsel for Plaintiffs*

---

[8] *See Driscoll*, 42 F. Supp. 3d at 56.

- 6 -