# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                              )
**MICHAEL MOLOCK, et al.,**                )
                                              )
      **Plaintiffs,**                            )
                                              )
      **v.**                                        )          Case No. 1:16-cv-02483 (APM)
                                              )
**WHOLE FOODS MARKET, INC., et al.,**   )
                                              )
      **Defendants.**                       )
_____ )

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Amend the Complaint. *See* Pl.'s Mot., ECF No. 24 [hereinafter Pl.'s Mot.]. Plaintiffs seek to file a Second Amended Complaint to address concerns raised by the court at the hearing on Defendants' Motion to Dismiss regarding, among other things, Plaintiffs' standing to bring suit and the sufficiency of their pleading. Pls.' Mot., Pls.' Mem. in Supp., ECF No. 24-1, at 1. Defendants vigorously oppose the Motion. Defs.' Opp'n, ECF No. 25. For the reasons that follow, the court grants Plaintiffs leave to amend.

The standard for allowing amendment of a complaint is liberal. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has emphasized that Rule 15(a)'s "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Denying leave to amend is "inconsistent with the spirit of the Federal Rules" and an abuse of discretion, *id.*, unless the court provides a sufficient reason for so doing, such as "futility of amendment, undue delay, bad faith, dilatory motive, undue

prejudice, or repeated failure to cure deficiencies by previous amendments," *Boyd v. District of Columbia*, 465 F. Supp. 2d 1, 3 (D.D.C.2006).

Despite Defendants' urging, the court disagrees that judicial efficiency and economy would be better served by first ruling on Defendants' pending Motion to Dismiss and then considering the Motion to Amend. Both parties rightly recognize that, at the hearing on Defendant's Motion to Dismiss, the court expressed misgivings about the sufficiency of the Amended Complaint's factual allegations to support Plaintiffs' standing, as well as their claims. The court did not, however, suggest that those deficiencies were incurable. Such deficiencies arguably might be cured with a more robust set of factual allegations concerning the Plaintiffs themselves, their alleged entitlement to bonuses under the gainsharing program, and Defendants' conduct that purportedly resulted in an unlawful denial of such bonuses. There is simply no reason to wait to allow Plaintiffs to add such factual allegations to their complaint. The court would have permitted them to do so even if it had dismissed all or some of their claims. So, ruling first on the Motion to Dismiss would only delay the inevitable and require the court to expend resources unnecessarily on deciding issues that might be resolved through a simple improvement in pleading. Understandably, Defendants are peeved that the time and effort they spent in preparing their pleadings and for oral argument might be for naught. The court shares their frustration. However, the Supreme Court's mandate to heed Rule 15's generous latitude to amend compels the court to look past the inefficiencies generated by the timing of Plaintiffs' Motion to Amend.

Accordingly, the court grants Plaintiffs' Motion to Amend and denies Defendants' Motion to Dismiss as moot. The Second Amended Complaint is now the operative complaint in this

matter. The parties shall meet and confer and, no later than June 28, 2017, notify the court if Defendants intend to file another motion to dismiss and, if so, propose a briefing schedule.

Dated: June 22, 2017

Amit P. Mehta
United States District Judge