# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MICHAEL MOLOCK, et al.,

                Plaintiffs,

v.

WHOLE FOODS MARKET, INC., et al.,

                Defendants.

Case No. 1:16-cv-02483-APM

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Whole Foods Market Group, Inc. ("Whole Foods"),[1] by and through undersigned counsel, files its Original Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint and Jury Demand (the "Complaint"), and would respectfully show unto the Court the following:

### PRELIMINARY STATEMENT[2]

1.      Whole Foods admits that it fired nine store team leaders who oversaw certain stores in its Mid-Atlantic region in December 2016, and that it did so after determining that those nine store team leaders, on their own, manipulated the number of

---

[1]  A former defendant, Whole Foods Market, Inc. ("WFMI"), has been dismissed from this action. Therefore, Whole Foods need not respond regarding WFMI. Whole Foods responds only with respect to itself.

[2]  All of the headings are taken from Plaintiffs' Second Amended Complaint. Whole Foods includes them here for ease of understanding the answer. Whole Foods does not agree with the allegations contained in these headings. To the extent a heading or subheading contains allegations, conclusions, or comments, Whole Foods denies all such allegations, conclusions, or comments.

labor hours reported by the store employees they supervised, in violation of Whole Foods' express policy. Whole Foods admits that Plaintiffs purport to bring this action on their own behalf and on behalf of a purported class but denies that a class can be certified in this action. Whole Foods denies the remaining allegations set forth in paragraph 1.

## JURISDICTION AND VENUE

2.     The statement in paragraph 2 is a legal argument to which no answer is required.  To the extent that an answer is required, Whole Foods admits that this Court has subject matter jurisdiction over this action.

3.     The statement in paragraph 3 is a legal argument to which no answer is required.  To the extent that an answer is required, Whole Foods admits that, pursuant to Fed. R. Civ. P. 4(k)(1) and D.C. Code 13-423(a)(1)-(4), this Court has personal jurisdiction over Defendant for claims brought on behalf of named plaintiffs or putative class members who worked at a Whole Foods store in the District of Columbia, but denies that this Court has personal jurisdiction over Defendant with respect to claims of putative class members who neither worked at a Whole Foods store in the District of Columbia nor reside in the District of Columbia.

4.     The statement in paragraph 4 is a legal argument to which no answer is required.  To the extent an answer is required, Whole Foods admits that venue is proper in this Court pursuant to the provisions of 28 U.S.C. 1391(b)(2) with respect to claims relating to employment at stores located in the District of Columbia.

## PARTIES AND RELEVANT PERSONS

5.     Whole Foods admits that Plaintiff Molock worked for Whole Foods. Whole Foods lacks sufficient information to either admit or deny where Molock resides.

With respect to the allegation that Molock and others were "employees" as defined by D.C. Code 32-1301(2), the allegation states a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

6.      Whole Foods admits that Plaintiff Kuczor worked for Whole Foods. Whole Foods lack sufficient information to either admit or deny where Kuczor resides.

7.     The Court has previously dismissed Plaintiff Bowens.  Therefore, Whole Foods need not admit or deny the allegations set forth in paragraph 7.

8.     Whole Foods admits that Plaintiff Fuentes worked for Whole Foods. Whole Foods lack sufficient information to either admit or deny where Fuentes resides.

9.     Whole Foods admits that Plaintiff Milner worked for Whole Foods. Whole Foods lack sufficient information to either admit or deny where Milner resides.

10.     Whole Foods admits that Plaintiff Pace worked for Whole Foods.  Whole Foods lack sufficient information to either admit or deny where Pace resides.

11.     The Court has previously dismissed Plaintiff Strickland.   Therefore, Whole Foods need not admit or deny the allegations set forth in paragraph 11.

12.     The Court has previously dismissed Defendant WFMI.  Therefore, Whole Foods need not admit or deny the allegations set forth in paragraph 12.

13.     Whole Foods admits that Whole Foods Market Group, Inc. is a for-profit corporation formed and organized under the law of Delaware with its principal place of business located at 550 Bowie Street, Austin, TX 78703.  Whole foods further admits that Whole Foods Market Group, Inc. owns and operates stores in the District of Columbia. Whole Foods further admits that it is a 100% wholly owned subsidiary of Whole Foods Market, Inc.  Whole Foods denies that it owns and operates approximately 466 grocery

3

stores in North America.  The remaining statements in paragraph 13 are legal arguments to which no answer is required.  To the extent that an answer is required, Whole Foods denies the remaining allegations of this paragraph, including the allegation that Whole Foods was an employer as defined by D.C. Code § 32-1301(1).

14.     The statement in paragraph 14 is a legal argument to which no answer is required.  To the extent that an answer is required, the Court previously dismissed Plaintiffs Bowens and Strickland for want of personal jurisdiction, and therefore Whole Foods need not admit nor deny the allegations as the relate to Bowens and Strickland. Whole Foods admits that it employed the remaining named plaintiffs, and that it employs or employed putative class members who worked at a Whole Foods store within a state in which Whole Foods Market Group, Inc. operates.  Whole Foods denies the remaining allegations set forth in paragraph 14.

## FACTS COMMON TO ALL COUNTS

### The Gainsharing Program:  As Promised by Defendants

15.     Whole Foods admits that it had a Gainsharing program, avers that the terms of the Gainsharing program speak for themselves, and refers to the terms of the Gainsharing program for the particular contents thereof.  Whole Foods lacks sufficient information to either admit or deny that the Gainsharing program was mentioned to prospective employees in advance of their accepting employment, and on that basis denies this allegation.  Whole Foods admits that the Gainsharing program is discussed with employees after they begin employment, during employee orientation.  Whole Foods lacks sufficient knowledge to either admit or deny that Plaintiffs or other employees relied on anything that allegedly was or was not promised to them in deciding

4

whether to work at Whole Foods.  Except as expressly admitted hereinabove, Whole Foods denies the remaining allegations of paragraph 15.

16.     Whole Foods admits that it had a Gainsharing program, avers that the terms of the Gainsharing program speak for themselves, and refers to the terms of the Gainsharing program for the particular contents thereof. Whole Foods further admits that employees are provided with copies of the General Information Guide (GIG), which discusses the Gainsharing program as specifically referenced therein, during their orientation programming after they begin employment.  The contents of that document speak for themselves.   Except as expressly admitted hereinabove, Whole Foods denies the remaining allegations of paragraph 16.

17.     Whole Foods lacks sufficient knowledge to either admit or deny that unspecified store managers, department team leaders, payroll benefits specialists, and others characterized the Gainsharing program in any particular way during unspecified conversations taking place at unspecified times in the past.

**The Gainsharing Program:  Defendants' Cost-Shifting Scheme**

18.     Whole Foods admits that it fired nine store team leaders who oversaw certain stores in its Mid-Atlantic region in December 2016, and that it did so after determining that those nine store team leaders, on their own, manipulated the number of labor hours reported by the store employees they supervised, in violation of Whole Foods' express policy.   Whole Foods denies the remaining allegations set forth in paragraph 18.

19.     Whole Foods denies the allegations contained in paragraph 19 on the grounds that they present a hypothetical set of facts upon which Whole Foods has no

obligation to speculate.

20.     The Court previously dismissed Defendant Whole Foods Market, Inc. for want of personal jurisdiction.   Therefore, Whole Foods need not admit or deny the allegations as they relate to Whole Foods Market, Inc.   Upon information and belief, Whole Foods asserts that during the time that the nine previously terminated managers were employed as Store Team Leaders, with respect to the stores at which they were Store Team Leaders, if a Payroll/Benefits Specialist manually altered employee time in Whole Foods' Kronos system, the Payroll/Benefits Specialist did so at the instruction or direction of the terminated managers and the altered time would be reflected in payroll records.  Whole Foods denies the remaining allegations set forth in paragraph 20.

21.     Whole Foods denies the allegations contained in paragraph 21.

22.     Whole Foods admits to the existence of the Fast Teams program and that its objective was to improve customer service and the efficient deployment of Whole Foods personnel within a given store, but denies Plaintiffs' characterization of that program.  Whole Foods denies the remaining allegations set forth in paragraph 22.

23.     Whole Foods lacks sufficient knowledge to either admit or deny that the Gainsharing program was mentioned to prospective employees in advance of their accepting employment, and on that basis denies this allegation.  Whole Foods admits that the Gainsharing program is discussed with employees after they begin employment, during employee orientation.   Except as expressly admitted hereinabove, Whole Foods denies the remaining allegations set forth in paragraph 23.

AUS 536756087v11

**Plaintiffs Earned Bonuses Under the Gainsharing Program;
Whole Foods Failed to Pay Them As Promised**

24.     Whole Foods is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 24 that unspecified plaintiffs or team members working in unspecified departments at unspecified times increased sales, minimized labor costs, or earned bonuses under the Gainsharing program by "working very smart and creatively." Except as expressly admitted hereinabove, Whole Foods denies the remaining allegations of paragraph 24.

25.     Whole Foods admits that it fired nine store team leaders who oversaw stores in its Mid-Atlantic region in December 2016, and that it did so after determining that those nine store team leaders, on their own, manipulated the number of labor hours reported by the store employees they supervised, in violation of Whole Foods' express policy.  Whole Foods denies the remaining allegations set forth in paragraph 25.

**Whole Foods Has Admitted that It Failed to Pay Its Employees under the
Gainsharing Program**

26.     Whole Foods admits that Brooke Buchanan was a spokeswoman for Whole Foods Market Services, Inc. ("WFM Services") who made certain statements to the Associated Press in connection with the December 13, 2016 article of the Associated Press, which is quoted in paragraph 26.  Whole Foods avers that the quotes in the article directly attributed to Mrs. Buchanan speak for themselves and Whole Foods refers to said article for the particular contents thereof. With respect to the other alleged statements by Ms. Buchanan referenced in paragraph 26 of the Complaint, Whole Foods lacks sufficient information to either admit or deny the allegations as to what exactly Ms. Buchanan stated to the reporter for the Associated Press.  Whole Foods admits that Plaintiffs have

7

identified the nine stores in which Whole Foods fired nine store team leaders. Whole Foods avers that during their interviews, some, but not all, of the nine store team leaders admitted to "shifting of labor costs", and that such shifting of labor hours was a violation of Whole Foods' policy, and that some, but not all, of the nine store team leaders falsely asserted during those interviews that this was a standard practice. Whole Foods lacks sufficient information to either admit or deny whether any of the named plaintiffs were affected by the fired nine store managers' violation of Whole Foods' corporate policy. Whole Foods denies the remaining allegations set forth in paragraph 26.

27.     Whole Foods admits that it sent executives to the nine stores identified in the preceding paragraph and that those executives spoke with store employees. Whole Foods further avers that some, but not all, of the nine store team leaders admitted to manipulating the number of labor hours reported by the store employees they supervised, and that such shifting of labor hours was a violation of Whole Foods policy. Whole Foods denies the remaining allegations set forth in paragraph 27.

28.     Whole Foods admits that it voluntarily made payments to employees at the nine stores identified in paragraph 26. Whole Foods denies Plaintiffs' characterization of both the nature of those payments and Whole Foods' motivation for making them. Whole Foods denies the remaining allegations set forth in paragraph 28.

**Defendants' Misleading Public Comments**

29.     Whole Foods admits that Brooke Buchanan was a spokeswoman for WFM Services who made certain statements in connection with Mr. Moyer's December 15, 2016 article for the Washington Post, which is referred to in paragraph 29. Whole Foods avers that quotes directly attributed to Mrs. Buchanan in that article speak for themselves,

8

and Whole Foods refers to said article for the particular contents thereof.  With respect to the other alleged statements by Ms. Buchanan referenced in paragraph 29 of the Complaint, Whole Foods lacks sufficient information to either admit or deny the allegations as to what exactly Ms. Buchanan stated to the reporter for the Washington Post.  Whole Foods denies the remaining allegations set forth in paragraph 29.

30.     Whole Foods denies the allegations set forth in paragraph 30.

31.     Whole Foods admits that the fired nine store managers have filed suit against Whole Foods in the case identified in paragraph 30, footnote 2.  Whole Foods admits that the plaintiffs in that suit have made numerous false allegations regarding their falsification of employee records, many of which directly contradict these same plaintiff's statements during Whole Foods' internal investigation.  Whole Foods denies the allegations made by the plaintiffs in that case.  Whole Foods denies the remaining allegations set forth in paragraph 31.

## FACTS SPECIFIC TO THE NAMED PLAINTIFFS

### Michael Molock

32.     Whole Foods admits that Plaintiff was hired, but lacks sufficient information to either admit or deny the date he was hired or that he was compensated in the manner indicated.  Whole Foods denies that it promised Molock he would receive "mandatory bonuses under the Gainsharing program", and otherwise lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened more than five years ago.

9

33.     Whole Foods admits that Plaintiff was hired, but lacks sufficient information to either admit or deny the date he was hired or that Plaintiff was considering other employment opportunities at the time he was hired.

34.     Whole Foods admits that employees are provided with copies of the General Information Guide ("GIG") after they begin employment during their orientation programming.   Whole Foods avers that the contents of that document speak for themselves.   Whole Foods denies that it represented that Molock would receive "mandatory Gainsharing bonuses", and otherwise lacks sufficient knowledge to either or admit or deny the substance of an alleged conversation that happened more than five years ago.  Whole Foods denies the remaining allegations contained in paragraph 34.

35.     Whole Foods denies that it represented that Molock would "automatically" receive Gainsharing benefits after he became a team member, and otherwise lacks sufficient knowledge to either or admit or deny the substance of an alleged conversation that happened nearly five years ago.

36.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff assumed the role described or that Mr. Vasquez was the Store Team Leader at the time described.  Whole Foods lacks sufficient information to either admit or deny that Ms. Garcia was a Team Leader at the time described.

37.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff assumed the role described or that Mr. Vasquez was the Store Team Leader and that Ms. Ussery was a Team Leader at the time described.  Whole Foods denies that it represented to Molock that he would receive "mandatory Gainsharing bonuses," and otherwise lacks sufficient knowledge to either or admit or deny the substance of an

10

alleged conversation that happened over two years ago and what facts Molock relied upon in agreeing to be transferred.

38.   Whole Foods admits that it has a policy whereby Gainsharing reports are posted for employees to view each month.  Whole Foods avers that such reports speak for themselves, denies any allegations inconsistent therewith, and denies the remaining allegations set forth in paragraph 38.

39.   Whole Foods lacks sufficient knowledge to either admit or deny the substance of representations that were or were not made by the speakers alleged to have made them, and whether Molock increased productivity of his department or whether his department in fact obtained a labor surplus. Whole Foods denies the remaining allegations set forth in paragraph 39.

40.   Whole Foods denies the allegations set forth in paragraph 40.

41.   Whole Foods admits that it fired Mr. Vasquez and eight other store team leaders and that it did so after determining that those nine store team leaders, on their own, manipulated the number of labor hours reported by the store employees they supervised, in violation of Whole Foods' express policy.  Whole Foods lacks knowledge or information concerning Ms. Ussery's employment.

42.   Whole Foods admits that it made payments to certain potentially-affected team members, but Whole Foods denies that the payment was made to "buy peace," Whole Foods lacks sufficient information to either admit or deny whether Plaintiff Molock received such payments, and denies the remaining allegations set forth in paragraph 42.

11

43.     Whole Foods admits that it continues to employ Plaintiff at the store indicated.

**Randal Kuczor**

44.     Whole Foods admits that Plaintiff was hired, but lacks sufficient information to either admit or deny the date he was hired or that he was compensated in the manner indicated.  Whole Foods denies that it promised Kuczor he would receive "mandatory bonuses under the Gainsharing program" and otherwise lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened nearly fifteen years ago.  Whole Foods lacks sufficient knowledge to either admit or deny that Plaintiff was considering other employment opportunities at the time he was hired.

45.     Whole Foods admits that employees are provided with copies of the GIG after they begin employment during their orientation programming.  Whole Foods avers that the contents of that document speak for themselves.  Whole Foods denies that it represented that Kuczor would receive "mandatory Gainsharing bonuses", and otherwise lacks sufficient knowledge to either or admit or deny the substance of an alleged conversation that happened nearly fifteen years ago.

46.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff was voted onto the specialty department team in January of 2004.  Whole Foods admits it has a policy whereby Gainsharing reports are posted for employees to view each month.  Whole Foods avers that such reports speak for themselves, denies any allegations inconsistent therewith, and denies the remaining allegations set forth in paragraph 46.

47.     Whole Foods lacks sufficient knowledge to either admit or deny the substance of representations that were or were not made to Plaintiff by an unnamed

source.   Whole Foods lacks sufficient information to either admit or deny whether Plaintiff increased productivity of his department or whether his department in fact obtained a labor surplus.   Whole Foods denies the remaining allegations set forth in paragraph 47.

48.     Whole Foods lacks sufficient information to either admit or deny whether Plaintiff Kuczor was told nonspecific information regarding the Gainsharing program by an unidentified source in December 2016.   Whole Foods admits that it fired nine store team leaders who oversaw stores in the Mid-Atlantic region in December 2016, and that it did so after determining that those nine store team leaders, on their own, manipulated the number of labor hours reported by the store employees they supervised.   Whole Foods lacks sufficient information to either admit or deny whether Plaintiff Kuczor's potential payments under the Gainsharing program were affected by this manipulation. Whole Foods denies the remaining allegations set forth in paragraph 48.

49.     Whole Foods lacks sufficient information to either admit or deny whether Plaintiff's employment at Whole Foods ended in November 2015.

### Carl Bowens

50.     The Court has previously dismissed Plaintiff Bowens.   Therefore, Whole Foods need not admit or deny the allegations set forth in paragraph 50.

51.     For the reasons stated in paragraph 50 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 51.

52.     For the reasons stated in paragraph 50 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 52.

53.     For the reasons stated in paragraph 50 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 53.

54.     For the reasons stated in paragraph 50 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 54.

55.     For the reasons stated in paragraph 50 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 55.

56.      For the reasons stated in paragraph 50 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 56.

57.     For the reasons stated in paragraph 50 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 57.

58.     For the reasons stated in paragraph 50 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 58.

**Jose Fuentes**

59.     Whole Foods admits that Plaintiff was hired, but lacks sufficient information to either admit or deny the date he was hired or that he was compensated in the manner indicated.

60.     Whole Foods admits Plaintiff was hired, but lacks sufficient information to either admit or deny the date he was hired.  Whole Foods denies that it promised Fuentes he would receive "mandatory bonuses under the Gainsharing program", and otherwise lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened nearly fifteen years ago.  Whole Foods lacks sufficient knowledge to either admit or deny that Plaintiff was considering other employment opportunities at the time he was hired.

14

61.     Whole Foods admits that employees are provided with copies of the GIG after they began employment during their orientation programming.  Whole Foods avers that the contents of that document speak for themselves.  Whole Foods denies that it represented that Fuentes would receive "mandatory Gainsharing bonuses", and otherwise lacks sufficient knowledge to either or admit or deny the substance of an alleged conversation that happened nearly fifteen years ago.

62.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff was voted onto the Grocery Department Team after being hired.

63.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff was transferred on or around the date indicated to the location indicated.  Whole Foods denies that it represented that Fuentes would receive "mandatory Gainsharing bonuses", and otherwise lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened nearly eight years ago.  Whole Foods lacks sufficient knowledge to either admit or deny that Plaintiff was considering other employment opportunities at the time he was hired.  Whole Foods lacks sufficient information to either admit or deny whether Plaintiff worked in the Grocery Department at the Chevy Chase store throughout his tenure there.

64.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff was transferred on or around the date indicated to the location indicated.  Whole Foods denies that it represented that Fuentes would receive "mandatory Gainsharing bonuses", and otherwise lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened nearly six years ago.  Whole Foods lacks

sufficient information to either admit or deny that Plaintiff worked in the Grocery Department at the Reston store throughout his tenure there.

65.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff was transferred on or around the date indicated to the location indicated.  Whole Foods denies that it represented that Fuentes would receive "mandatory Gainsharing bonuses", and otherwise lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened nearly four years ago.  Whole Foods lacks sufficient knowledge to either admit or deny that Plaintiff relied on anything that was or was not promised to him during that conversation.  Whole Foods lacks sufficient information to either admit or deny that Plaintiff worked in the Grocery Department as a buyer at the Columbia store throughout his tenure there.

66.     Whole Foods denies that it represented that Gainsharing is "automatic", and otherwise lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened between Plaintiff and Ms. Bautista at an unspecified time and place.  Whole Foods admits that it fired Ms. Bautista and eight other store team leaders and that it did so after determining that those nine store team leaders, on their own, manipulated the number of labor hours reported by the store employees they supervised, in violation of Whole Foods' express policy.

67.     Whole Foods admits it has a policy whereby Gainsharing reports are posted for employees to view each month.  Whole Foods avers that such reports speak for themselves, denies any allegations inconsistent therewith, and denies the remaining allegations set forth in paragraph 67.

68.     Whole Foods lacks sufficient knowledge to either admit or deny the substance of representations that were or were not made to Plaintiff.  Whole Foods lacks sufficient information to either admit or deny whether Plaintiff increased productivity of his department or whether his department in fact obtained a labor surplus.  Whole Foods denies the remaining allegations set forth in paragraph 68.

69.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff voluntarily resigned in August 2016.

### Christopher Milner

70.     Whole Foods admits that Plaintiff was hired, but lacks sufficient information to either admit or deny the date he was hired.

71.     Whole Foods denies that it promised Milner he would receive "mandatory bonuses under the Gainsharing program", and otherwise lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened nearly sixteen years ago.  Whole Foods lacks sufficient knowledge to either admit or deny that Plaintiff was considering other employment opportunities at the time he was hired or that he accepted employment in reliance upon any unspecified "terms".

72.     Whole Foods lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened nearly sixteen years ago and is unfamiliar with the PowerPoint presentation Plaintiffs purport to refer to in paragraph 72.

73.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff was voted onto the Specialty Department Team after being hired.

74.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff was transferred on or around the date indicated to the location indicated.  Whole

17

Foods denies that it promised Milner he would receive "mandatory bonuses under the Gainsharing program", and otherwise lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened nearly ten years ago.  Whole Foods lacks sufficient knowledge to either admit or deny that Plaintiff relied on anything that was or was not promised to him during that conversation.

75.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff was transferred on or around the date indicated to the location indicated.  Whole Foods denies that it promised Milner he would receive "mandatory bonuses under the Gainsharing program", and otherwise lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened nearly eight years ago.  Whole Foods lacks sufficient knowledge to either admit or deny that Plaintiff relied on anything that was or was not promised to him during that conversation.  Whole Foods lacks sufficient information to either admit or deny that Plaintiff worked in the Grocery Department as a buyer at the Columbia store throughout his tenure there.

76.     Whole Foods lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened at some unspecified time in the past.  Whole Foods lacks sufficient knowledge to either admit or deny that Plaintiff relied on anything that was or was not promised to him during that conversation.

77.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff was transferred on or around the date indicated to the location indicated.  Whole Foods denies that it promised Milner he would receive "mandatory bonuses under the Gainsharing program", and otherwise lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened over nine years ago.  Whole

18

Foods lacks sufficient knowledge to either admit or deny that Plaintiff relied on anything that was or was not promised to him during that conversation.

78.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff was transferred on or around the date indicated to the location indicated.  Whole Foods denies that it promised Milner he would receive "mandatory bonuses under the Gainsharing program", and otherwise lacks sufficient knowledge to know who approved that transfer.  Whole Foods lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened almost eight years ago.  Whole Foods lacks sufficient knowledge to either admit or deny that Plaintiff relied on anything that was or was not promised to him during that conversation.

79.     Whole Foods lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened at some unspecified time in the past. Whole Foods lacks sufficient knowledge to either admit or deny that Plaintiff relied on anything that was or was not promised to him during that conversation.

80.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff was transferred on or around the date indicated to the location indicated.  Whole Foods denies that it promised Milner he would receive "mandatory bonuses under the Gainsharing program" and otherwise lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened almost two years ago.  Whole Foods lacks sufficient knowledge to either admit or deny that Plaintiff relied on anything that was or was not promised to him during that conversation.

81.     Whole Foods admits it has a policy whereby Gainsharing reports are posted for employees to view each month.  Whole Foods avers that such reports speak for

19

themselves, denies any allegations inconsistent therewith, and denies the remaining allegations set forth in paragraph 81.

82.     Whole Foods lacks sufficient knowledge to either admit or deny the substance of alleged representations that were or were not made to Plaintiff.  Whole Foods lacks sufficient information to either admit or deny whether Plaintiff increased productivity of his department or whether his department in fact obtained a labor surplus. Whole Foods denies the remaining allegations set forth in paragraph 82.

83.     Whole Foods denies the allegations set forth in paragraph 83.

84.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff's employment with Whole Foods ended in February 2017 when the Augusta store closed.

**Jon Pace**

85.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff was hired on the date indicated and worked at the locations indicated for the time periods indicated.  Whole Foods denies that it promised Pace he would receive "mandatory bonuses under the Gainsharing program", and otherwise lacks sufficient knowledge to either admit or deny the substance of an alleged conversation that happened over eight years ago.  Whole Foods lacks sufficient knowledge to either admit or deny that Plaintiff was considering other employment opportunities at the time he was hired or that he accepted employment in reliance upon any representations.

86.     Whole Foods admits that employees are provided with copies of the GIG after they begin employment during their orientation programming.  Whole Foods avers that the contents of that document speak for themselves.  Whole Foods denies that it

represented that Pace would receive "mandatory Gainsharing bonuses", and otherwise lacks sufficient knowledge to either or admit or deny the substance of an alleged conversation that happened over eight years ago.

87.     Whole Foods lacks sufficient information to either admit or deny that Plaintiff began working in the Meat Department shortly after being hired and that he continues to work at the Arlington store in the Meat Department.

88.     Whole Foods admits it has a policy whereby Gainsharing reports are posted for employees to view each month.  Whole Foods avers that such reports speak for themselves, denies any allegations inconsistent therewith, and denies the remaining allegations set forth in paragraph 88.

89.     Whole Foods lacks sufficient knowledge to either admit or deny the substance of representations that were or were not made to Plaintiff.  Whole Foods lacks sufficient information to either admit or deny whether Plaintiff increased productivity of his department or whether his department in fact obtained a labor surplus.  Whole Foods denies the remaining allegations set forth in paragraph 82.

90.     Whole Foods denies the allegations set forth in paragraph 90.

91.     Whole Foods admits that Mr. Ameg was the store team leader of the Arlington store.  Whole Foods further admits that it fired Mr. Ameg and eight other store team leaders and that it did so after determining that those nine store team leaders, on their own, manipulated the number of labor hours reported by the store employees they supervised, in violation of Whole Foods' express policy.

21

**Sarah Strickland**

92.     The Court has previously dismissed Plaintiff Strickland. Therefore, Whole Foods need not admit or deny the allegations set forth in paragraph 92.

93.     For the reasons stated in paragraph 92 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 93.

94.     For the reasons stated in paragraph 92 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 94.

95.     For the reasons stated in paragraph 92 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 95.

96.     For the reasons stated in paragraph 92 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 96.

97.     For the reasons stated in paragraph 92 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 97.

98.     For the reasons stated in paragraph 92 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 98.

99.     For the reasons stated in paragraph 92 of this Answer, Whole Foods is not required to either admit or deny the allegations set forth in paragraph 99.

## CLASS ACTION ALLEGATIONS

100.     Paragraph 100 of the Complaint contains Plaintiffs' proposed class definition and does not require a response.  Whole Foods denies that Plaintiffs have defined a proper class and denies that the requirements of Rule 23 can be satisfied in this case. To the extent this paragraph can be interpreted to contain any factual allegations, Whole Foods denies that it employs any putative class members in Oklahoma or any state

other those in which Whole Foods Market Group, Inc. operates[3] and denies the remaining allegations set forth in paragraph 100.

101.    Paragraph 101 of the Complaint contains Plaintiffs' proposed class definition and subclass definitions and does not require a response.  Whole Foods denies that Plaintiffs have defined a proper class or subclass and denies that the requirements of Rule 23 can be satisfied in this case. To the extent this paragraph can be interpreted to contain any factual allegations, Whole Foods denies them. Whole Foods further responds to the specific allegations of subparagraphs (a)–(g) of paragraph 101 as follows:

(a) Whole Foods denies that any past or present Whole Foods employee did not receive all "wages" within the meaning of the DCWPCL at least twice during each calendar month on regular paydays.  Whole Foods denies the remaining allegations contained in subparagraph (a).

(b) Whole Foods denies that any past Whole Foods employee did not receive all "wages" within the meaning of the DCWPCL within seven days after resignation or termination.  Whole Foods denies the remaining allegations contained in subparagraph (b).

(c) Whole Foods denies that any past or present Whole Foods employee did not receive all "wages" within the meaning of the MD Code Labor & and Employment, § 3-502, at least twice during each calendar month or once every 2 weeks on regular paydays.  Whole Foods denies the remaining allegations contained in subparagraph (c).

(d) Whole Foods denies that any past Whole Foods' employee did not receive all "wages" within the meaning of the Md. Code Labor and Employment § 3-505 either before termination or on or before the employee's next anticipated payday.  Whole Foods denies the remaining allegations contained in subparagraph (d).

---

[3]    Whole Foods Market Group, Inc. operates stores in Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, Kentucky, Maryland, New Jersey, Pennsylvania, Ohio, Virginia, the District of Columbia, New York, Alabama, Georgia, Mississippi, North Carolina, South Carolina, Tennessee, Illinois, Indiana, Iowa, Michigan, Minnesota, Missouri, Nebraska, and Wisconsin. Whole Foods' responses in this Answer are limited to the stores operated by Whole Foods, and Whole Foods need not and does not respond as to stores outside of its geographic area.

23

(e) Whole Foods denies that any past or present Whole Foods employee did not receive accurate notice of the employee's rate of pay within the meaning of Md. Code of Labor and Employment § 3-504 at the time of hiring.  Whole Foods denies the remaining allegations contained in subparagraph (e).

(f) Whole Foods denies that it currently or previously employed any employees in the State of Oklahoma. Whole Foods denies the remaining allegations contained in subparagraph (f).

(g) Whole Foods denies that it previously employed any employees in the State of Oklahoma. Whole Foods denies the remaining allegations contained in subparagraph (g).

102.   The statements in the first sentence of paragraph 102 contain legal arguments to which no answer is required.  To the extent that an answer is required, Whole Foods denies the allegations contained in the first sentence of paragraph 102 that the numerosity requirement of Rule 23 can be satisfied in this case.   Whole Foods denies that it employs 91,000 workers and that twenty thousand or more past and present Whole Foods employees were not properly paid under Whole Foods' Gainsharing Program, denies that payments under the Gainsharing Program constitute a "wage" within the meaning of any applicable state labor statute, and denies all remaining allegations contained in paragraph 102.

103.   The statements in paragraph 103 contain legal arguments to which no answer is required.  To the extent that an answer is required, Whole Foods denies that there are common questions of law and fact that satisfy the commonality requirement of Rule 23.  Whole Foods denies that it has failed to pay employees all earned wages under the Gainsharing program, denies that there is or was a corporate-wide practice of "shifting labor costs,"  and denies that payments under the Gainsharing Program constitute a "wage" within the meaning of any applicable state or federal labor statute. Whole Foods denies the remaining allegations contained in paragraph 103.

24

104.    The statements in paragraph 104 contain legal arguments to which no answer is required.  To the extent that an answer is required, Whole Foods denies that there are common questions of law and fact that satisfy the commonality requirement of Rule 23.  Whole Foods denies that it has failed to pay employees all earned bonuses under the Gainsharing program, denies that there was any "wage theft" and denies the allegations of Paragraph 104 that Plaintiffs' claims are typical of the proposed class. Whole Foods further denies that the Plaintiffs and putative class have sustained similar injuries and that Whole Foods has engaged in any wrongful conduct.  Whole Foods denies the remaining allegations contained in paragraph 104.

105.    The statements in paragraph 105 contain legal arguments to which no answer is required.  To the extent that an answer is required, Whole Foods lacks knowledge or information as to the truth of the allegations of paragraph 105 concerning actions that Plaintiffs will undertake and whether Plaintiffs can fairly and adequately protect the interests of the proposed class, and therefore denies those allegations. Whole Foods further denies that the Plaintiffs and the putative class have sustained similar injuries and that Whole Foods has engaged in any wrongful conduct. Whole Foods denies the remaining allegations contained in paragraph 105.

106.    The statements in paragraph 106 contain legal arguments to which no response is required.  To the extent that a response is required, Whole Foods denies that a class action is a superior method for the fair and efficient adjudication of this controversy.  Whole Foods further responds to the specific allegations of subparagraphs (a)–(g) of paragraph 106 as follows:

> (a) Whole Foods denies that common questions of law and fact predominate over any individual questions that may arise.  Whole Foods denies that

AUS 536756087v11

there was a corporate-wide practice of shifting labor costs and denies that it failed to pay its employees required compensation under the Gainsharing program. Whole Foods denies that payments under the Gainsharing Program constitute a "wage" within the meaning of any applicable state labor statute. Whole Foods denies all remaining allegations contained in subparagraph (a).

(b) Whole Foods lacks sufficient information to either admit or deny the allegations contained in subparagraph (b).

(c) Whole Foods denies the allegations set forth in subparagraph (c) to the extent that there is a pending lawsuit brought by the nine terminated store team leaders who were responsible for improperly manipulating the number of labor hours reported by the store employees they supervised. Those nine terminated store team leaders manipulated those labor hours on their own. Whole Foods further avers there are three other pending lawsuits brought by a terminated store team leader who has made false allegations relating to the Gainsharing program.

(d) Whole Foods denies that the claims of putative class members who were not employed at Whole Foods stores located in the District of Columbia can or should be litigated in this forum, denies that a class action would be a fair and efficient means of resolving the issues raised in this litigation, and denies the remaining allegations set forth in subparagraph (d).

(e) Whole Foods denies that prosecution of separate actions by members of the putative class would be impractical, would substantially impair the ability of putative class members to protect their interests, or would raise any of the risks set forth in subparagraph (e).

(f) Whole Foods denies that the class is sufficiently ascertainable to satisfy the requirements of Rule 23 and denies that there would not be notice and manageability problems associated with litigating this case as a class action.

(g) Whole Foods denies that a class action is a superior means to resolve this controversy and further denies that absent a class action, putative class members would be unable to obtain relief for any payments to which they would be lawfully entitled. Whole Foods further denies that this action is an appropriate action to resolve the claims of any putative class members who did not work at stores in the District of Columbia. Whole Foods denies the remaining allegations set forth in subparagraph (g).

## COUNT I
## (BREACH OF CONTRACT AND
## BREACH OF GOOD FAITH AND FAIR DEALING)

107.    Whole Foods restates its responses to paragraphs 1–106 in response to the allegations set forth in paragraph 107.    The Court has previously dismissed named Plaintiffs Bowens and Strickland for want of personal jurisdiction.    Therefore, Whole Foods need not admit or deny the allegations set forth in Count I as they relate to Bowens and Strickland.    Any responses contained herein regarding the "named plaintiffs" refer only to allegations by Plaintiffs Molock, Kuczor, Fuentes, Milner, and Pace.

108.    The allegations of Paragraph 108 contain legal conclusions to which no response is required. To the extent that a response is required, Whole Foods admits that it employed the named plaintiffs as well as any putative class member who worked at a Whole Foods' store within the geographic area in which Whole Foods Market Group, Inc. operates.    Whole Foods admits that it paid its employees compensation, including base salary and benefits, for the work the employees performed, in accordance with the terms of their employment as calculated by the payroll department.    Whole Foods admits that the Gainsharing program was a part of its compensation program under which eligible team members potentially could receive Gainsharing bonuses if they were on teams that met all the requirements for such bonuses in particular pay periods, but denies that Plaintiffs or putative class members were entitled to Gainsharing payments unless and to the extent that they were on teams which satisfied all the requirements for gainsharing bonuses for particular pay periods in accordance with the terms of the Gainsharing program. Whole Foods denies that payments under the Gainsharing program were a material term of any oral contract of employment and that either the General

Information Guide or the Gainsharing Policies or Procedures constitute or evidence the terms of a putative employment contract.  Except as expressly admitted hereinabove, Whole Foods denies the allegations of paragraph 108.

109.   Whole Foods denies that payments under the Gainsharing program are earned when an employee "perform[s] the work they were hired to do."  Whole Foods denies that any individual employee can generate labor surplus, increase sales, or hold down labor costs in a manner that would automatically entitle that employee to payment under the Gainsharing program.   The potential for bonuses under the Gainsharing program is based on an entire team's efforts and performance.  Whole Foods lacks sufficient information to either admit or deny whether each individual named plaintiff or putative class member performed all duties required of them as Whole Foods' employees. Except as expressly admitted hereinabove, Whole Foods denies the allegations of paragraph 109.

110.   The allegations of Paragraph 110 contain legal conclusions to which no response is required. To the extent that a response is required, Whole Foods denies the allegations of paragraph 110.

111.   The allegations of Paragraph 111 contain legal conclusions to which no response is required. To the extent that a response is required, Whole Foods denies the allegations set forth in paragraph 111.

112.   Whole Foods denies the allegations set forth in in paragraph 112, and denies that it is liable to Plaintiffs for any damages.

**COUNT II**
**(UNJUST ENRICHMENT)**

113.   Whole Foods restates its responses to paragraphs 1–112 in response to the

28

allegations set forth in paragraph 113.   The Court has previously dismissed named Plaintiffs Bowens and Strickland for want of personal jurisdiction.   Therefore, Whole Foods need not admit or deny the allegations set forth in Count II as they relate to Bowens and Strickland.   Any responses contained herein regarding the "named plaintiffs" refer only to allegations by Plaintiffs Molock, Kuczor, Fuentes, Milner, and Pace.

114.   The allegations of Paragraph 114 contain legal conclusions to which no response is required. To the extent that a response is required, Whole Foods denies the allegations of paragraph 114.

115.   The allegations of Paragraph 115 contain legal conclusions to which no response is required. To the extent that a response is required, Whole Foods denies the allegations of paragraph 115.

116.   The allegations of Paragraph 116 contain legal conclusions to which no response is required. To the extent that a response is required, Whole Foods denies the allegations of paragraph 116.

117.   Whole Foods denies the allegations set forth in in paragraph 117, and denies that it is liable to Plaintiffs for any damages.

## COUNT III
**(FAILURE TO PAY WAGES UPON DIUSCHARGE IN VIOLATION OF
D.C. WAGE PAYMENT AND COLLECTION LAW, D.C. CODE § 32-1303)**
(District of Columbia Subclass)

118.   Whole Foods restates its responses to paragraphs 1–117 in response to the allegations set forth in paragraph 118.

119.   Whole Foods lacks sufficient information to either admit or deny the reasons for Plaintiff Kuczor's termination of employment at this time. The remaining allegations of Paragraph 119 contain legal conclusions to which no response is required.

29

To the extent that a response is required, Whole Foods denies the remaining allegations of paragraph 119.

120.     Whole Foods denies the allegations set forth in paragraph 120.

121.     The allegations of Paragraph 121 contain legal conclusions to which no response is required. To the extent that a response is required, Whole Foods denies the remaining allegations set forth in paragraph 121.

122.     The allegations of Paragraph 122 contain legal conclusions to which no response is required. To the extent that a response is required, Whole Foods denies the remaining allegations set forth in paragraph 122.

123.     Whole Foods denies the allegations set forth in paragraph 123, and denies that it is liable to Kuczor or any putative class members for any damages under the DCWPCL.

**COUNT IV**
**(FAILURE TO PAY WAGES IN VIOLATION OF**
**D.C. WAGE PAYMENT AND COLLECTION LAW, D.C. CODE § 32-1302)**
(District of Columbia Subclass)

124.     Whole Foods restates its responses to paragraphs 1–123 in response to the allegations set forth in paragraph 124.

125.     The statements in paragraph 125 contain legal arguments to which no response is required.  To the extent that a response is required, Whole Foods states that the language of D.C. Code § 32-1302 speaks for itself.

126.     The statements in paragraph 125 contain legal arguments to which no response is required.  To the extent that a response is required, Whole Foods denies the allegations set forth in paragraph 126.

30

127.   Whole Foods denies the allegations set forth in paragraph 127, and denies that it is liable to any named plaintiff or any putative class members for any damages under the DCWPCL.

### COUNT V
### (FAILURE TO MAINTAIN ACCURATE EMPLOYMENT RECORDS
### D.C. MINIMUM WAGE ACT, D.C. CODE § 32-1008)
(District of Columbia Subclass)

128.   Whole Foods restates its responses to paragraphs 1–127 in response to the allegations set forth in paragraph 128.

129.   The statements in paragraph 129 contain legal arguments to which no response is required.  To the extent that a response is required, Whole Foods states that the language of D.C. Code § 32-1008 speaks for itself.

130.   The statements in paragraph 130 contain legal arguments to which no response is required.  To the extent that a response is required, Whole Foods denies the allegations set forth in paragraph 130.

131.   Whole Foods denies the allegations set forth in paragraph 131.

132.   Whole Foods denies the allegations set forth in paragraph 132, and denies that it is liable to any named plaintiff or any putative class members for any damages under the DCWPCL.

### COUNT VI
### (FAILURE TO PAY WAGES UPON DISCHARGE IN VIOLATION OF
### MARYLAND WAGE PAYMENT AND COLLECTION LAW § 3-504)
(Maryland Subclass)

133.   Whole Foods restates its responses to paragraphs 1–132 in response to the allegations set forth in paragraph 133.

134.   Whole Foods admits the allegations set forth in paragraph 134.

31

135.    The statements in paragraph 135 contain legal arguments to which no response is required.  To the extent that a response is required, Whole Foods states that Maryland Labor & Employment Code § 3-505 speaks for itself, and denies the remaining allegations set forth in paragraph 135.

136.    The statements in paragraph 136 contain legal arguments to which no response is required.  To the extent that a response is required, Whole Foods denies the allegations set forth in paragraph 136.

137.    The statements in paragraph 137 contain legal arguments to which no response is required.  To the extent that a response is required, Whole Foods denies the allegations set forth in paragraph 137.

138.    Whole Foods denies the allegations set forth in paragraph 138, and denies that it is liable to any named plaintiff or any putative class members for any damages under the Maryland Labor & Employment Code.

## COUNT VII
### (FAILURE TO PAY WAGES IN VIOLATION OF MARYLAND WAGE PAYMENT AND COLLECTION LAW § 3-502)
(Maryland Subclass)

139.    Whole Foods restates its responses to paragraphs 1–138 in response to the allegations set forth in paragraph 139.

140.    Whole Foods admits that Plaintiffs Fuentes and Milner worked in Whole Foods' stores in the State of Maryland.  The Complaint does not define the "relevant time period," and therefore Whole Foods lacks sufficient information to either admit or deny whether Fuentes and Milner worked for Whole Foods during that period.

141.    The statements in paragraph 141 contain legal arguments to which no response is required.  To the extent that a response is required, Whole Foods states that

32

Maryland Labor & Employment Code § 3-502 speaks for itself, and denies the remaining allegations of paragraph 141.

142.    Whole Foods denies the allegations set forth in paragraph 142.

143.    Whole Foods denies the allegations set forth in paragraph 143.

144.    Whole Foods denies the allegations set forth in paragraph 144, and denies that it is liable to any named plaintiff or any putative class members for any damages under the Maryland Labor & Employment Code.

**COUNTY VIII**
**(FAUILURE TO INFORM OF WAGES IN VIOLATION OF**
**MARYLAND WAGE PAYMENT AND COLLECTION LAW § 3-504)**
(Maryland Subclass)

145.    Whole Foods restates its responses to paragraphs 1–144 in response to the allegations set forth in paragraph 145.

146.    Whole Foods admits that Plaintiffs Fuentes and Milner worked in Whole Foods' stores in the State of Maryland.  The Complaint does not define the "relevant time period," and therefore Whole Foods lacks sufficient information to either admit or deny whether Fuentes and Milner worked for Whole Foods during that period.

147.    The statements in paragraph 147 contain legal arguments to which no response is required.  To the extent that a response is required, Whole Foods states that Maryland Labor & Employment Code § 3-504 speaks for itself, and denies the remaining allegations set forth in paragraph 147.

148.    Whole Foods denies the allegations set forth in paragraph 148.

149.    Whole Foods denies the allegations set forth in paragraph 149.

AUS 536756087v11

150.    Whole Foods denies the allegations set forth in paragraph 150, and denies that it is liable to any named plaintiff or any putative class members for any damages under the Maryland Labor & Employment Code.

**COUNT IX**
**(FAILURE TO PAY WAGES UPON DISCHARGE IN VIOLATION OF**
**40 OKLAHOMA STATUTES § 165.3)**
(Oklahoma Subclass)

151.    Whole Foods restates its responses to paragraphs 1–150 in response to the allegations set forth in paragraph 151.   The Court has previously dismissed named Plaintiffs Strickland for want of personal jurisdiction.   Therefore, Whole Foods need not admit or deny the allegations set forth in Count IX as they relate to Strickland.

152.    For the reasons set forth in paragraph 151 of this Answer, Whole Foods neither admits nor denies the allegations set forth in paragraph 152.

153.    For the reasons set forth in paragraph 151 of this Answer, Whole Foods neither admits nor denies the allegations set forth in paragraph 153.

154.    For the reasons set forth in paragraph 151 of this Answer, Whole Foods neither admits nor denies the allegations set forth in paragraph 154.

155.    For the reasons set forth in paragraph 151 of this Answer, Whole Foods neither admits nor denies the allegations set forth in paragraph 155 as they relate to Strickland.   With respect to allegations concerning unnamed putative class members, Whole Foods denies that it has any employees in the State of Oklahoma.   Whole Foods denies that the payments under the Gainsharing program constitute a "wage" within the meaning of 40 Oklahoma Statute §§ 165.2 and 165.9. Whole Foods denies the remaining allegations set forth in paragraph 155.

34

156.    For the reasons set forth in paragraph 151 of this Answer, Whole Foods neither admits nor denies the allegations set forth in paragraph 156 as they relate to Strickland.   With respect to allegations concerning unnamed putative class members, Whole Foods denies the allegations set forth in paragraph 156, and denies that it is liable to any putative class members for any damages under the Oklahoma wage statutes.

**COUNT X**
**(FAILURE TO PAY WAGES IN VIOLATION OF**
**40 OKLAHOMA STATUTES § 165.2)**
(Oklahoma Subclass)

157.    Whole Foods restates its responses to paragraphs 1–150 in response to the allegations set forth in paragraph 151.   The Court has previously dismissed named Plaintiffs Strickland for want of personal jurisdiction.   Therefore, Whole Foods need not admit or deny the allegations set forth in Count I as they relate to Strickland.

158.    For the reasons set forth in paragraph 157 of this Answer, Whole Foods neither admits nor denies the allegations set forth in paragraph 158.

159.    For the reasons set forth in paragraph 157 of this Answer, Whole Foods neither admits nor denies the allegations set forth in paragraph 159.

160.    For the reasons set forth in paragraph 157 of this Answer, Whole Foods neither admits nor denies the allegations set forth in paragraph 160.

161.    For the reasons set forth in paragraph 157 of this Answer, Whole Foods neither admits nor denies the allegations set forth in paragraph 161 as they relate to Strickland.   With respect to allegations concerning unnamed putative class members, Whole Foods denies that it has any employees in the State of Oklahoma.   Further, the statements in paragraph 141 contain legal arguments to which no response is required.

*AUS 536756087v11*

To the extent that a response is required, Whole Foods denies the remaining allegations set forth in paragraph 161.

162.    For the reasons set forth in paragraph 157 of this Answer, Whole Foods neither admits nor denies the allegations set forth in paragraph 162 as they relate to Strickland.  With respect to allegations concerning unnamed putative class members, Whole Foods denies the allegations set forth in paragraph 162, and denies that it is liable to any putative class members for any damages under the Oklahoma wage statutes.

## COUNT XI
## (COMMON LAW FRAUD)

163.    Whole Foods restates its responses to paragraphs 1–162 in response to the allegations set forth in paragraph 163.  The Court has previously dismissed named Plaintiffs Bowens and Strickland for want of personal jurisdiction.  Therefore, Whole Foods need not admit or deny the allegations set forth in Count XI as they relate to Bowens and Strickland.  Any responses contained herein regarding the "named plaintiffs" refer only to allegations by Plaintiffs Molock, Kuczor, Fuentes, Milner, and Pace.

164.    Whole Foods restates its response to paragraphs 32-99 in response to the allegations set forth in paragraph 164.  Whole Foods denies the allegations of paragraph 164, and further responds to the specific allegations of subparagraphs (a)–(i) of paragraph 164 as follows:

> (a) Whole Foods denies that payments under the Gainsharing program are "mandatory" for all employees. Whole Foods denies the remaining allegations set forth in subparagraph (a).

> (b) Whole Foods denies that payments under the Gainsharing program are "mandatory" for all employees. Whole Foods denies the remaining allegations set forth in subparagraph (b).

> (c) Whole Foods admits that it has a Gainsharing program, avers that the terms of the Gainsharing program speak for themselves, and refers to the

36

terms of the Gainsharing program for the particular contents thereof. Whole Foods further admits that employees are provided with copies of the General Information Guide (GIG) after they begin employment during their orientation programming. The contents of that document speak for themselves. Whole Foods denies the remaining allegations set forth in subparagraph (c).

(d) Whole Foods denies that payments under the Gainsharing program are "mandatory" for all employees. Whole Foods denies the remaining allegations set forth in subparagraph (d).

(e) Whole Foods admits that it has a policy whereby Gainsharing reports are posted for employees to view each month. Whole Foods denies the remaining allegations set forth in subparagraph (e).

(f) Whole Foods admits that employees are provided with copies of the General Information Guide (GIG) after they begin employment during their orientation programming. The contents of that document speak for themselves. Whole Foods denies the remaining allegations set forth in subparagraph (f).

(g) Whole Foods admits that employees are provided with copies of the General Information Guide (GIG) after they begin employment during their orientation programming. The contents of that document speak for themselves. Whole Foods denies the remaining allegations set forth in subparagraph (g).

(h) Whole Foods admits that employees are provided with copies of the General Information Guide (GIG) after they begin employment during their orientation programming. The contents of that document speak for themselves. Whole Foods denies the remaining allegations set forth in subparagraph (h).

(i) Whole Foods denies the allegations set forth in subparagraph (i).

165. This Court previously dismissed Defendant Whole Foods Market Inc. for want of personal jurisdiction. Therefore, Whole Foods neither admits nor denies allegations as they relate to Whole Foods Market Inc. Whole Foods admits that Payment Benefit Specialist enter labor records into the Kronos timekeeping system. Whole Foods denies the remaining allegations set forth in paragraph 165.

166. Whole Foods denies the allegations set forth in paragraph 166.

167.     Whole Foods lacks sufficient information to either admit or deny why any specific named plaintiff or putative class member accepted employment at Whole Foods, continued to work at Whole Foods, or decided to attempt to increase productivity or to not attempt to do so.   Whole Foods denies the remaining allegations set forth in paragraph 167.

168.     Whole Foods admits that Brooke Buchanan was a spokeswoman for WFM Services who made certain statements in connection with Mr. Moyer's December 15, 2016 article in the Washington Post, which is quoted in paragraph 168. Whole Foods avers that the quote directly attributed to Mrs. Buchanan in the article speaks for itself, and Whole Foods refers to the article for the particular contents thereof, and denies any allegations inconsistent therewith. Whole Foods denies the remaining allegations set forth in paragraph 168.

169.     Whole Foods denies the allegations set forth in paragraph 169.

170.     Whole Foods denies the allegation set forth in paragraph 170, and denies that it is liable to named plaintiffs or any putative class members.

## PRAYER FOR RELIEF

Whole Foods denies that Plaintiffs are entitled to any of the relief set forth in the Prayer for Relief.

## JURY TRIAL DEMANDED

Whole Foods agrees that all appropriate claims should proceed before a jury, without waiving its right to argue that equitable claims should proceed by bench trial.

*AUS 536756087v11*

## WHOLE FOODS' AFFIRMATIVE DEFENSES

By setting forth these defenses, Whole Foods does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.

1.      ***First Affirmative Defense:***  Plaintiffs' Second Amended Complaint fails to set forth a claim upon which relief can be granted.

2.      ***Second Affirmative Defense:***  All of the claims in the Second Amended Complaint fail because Plaintiffs have suffered no cognizable injury or damage as a result of any acts or omissions alleged in the Second Amended Complaint.

3.      ***Third Affirmative Defense:***  The alleged injuries and damages suffered by Plaintiffs, if any, were caused by the acts or omissions of third parties over whom Whole Foods had no control.

4.      ***Fourth Affirmative Defense:***  Plaintiffs' claims are barred, in whole or in part, because they were caused by the intervening fraudulent actions of the terminated store team leaders, and were not the result of any acts or omissions of Whole Foods.

5.      ***Fifth Affirmative Defense:***  The alleged conduct of Whole Foods was neither the actual cause nor proximate cause of any losses alleged in Plaintiffs' Second Amended Complaint.

6.      ***Sixth Affirmative Defense:***  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' own actions or omissions proximately caused Plaintiffs' injuries.

7.      ***Seventh Affirmative Defense:***  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are proportionately responsible for their alleged damages.

8.      ***Eighth Affirmative Defense***:  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate their damages.

AUS 536756087v11

9.      ***Ninth Affirmative Defense:***  Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

10.     ***Tenth Affirmative Defense:***  The relief sought by Plaintiffs is barred in whole or in part because the alleged damages sought are too speculative and uncertain.

11.     ***Eleventh Affirmative Defense:***  The Court does not have personal jurisdiction over the claims of putative class members who do not reside in or were not employed at Whole Foods stores located in the District of Columbia.

12.     ***Twelfth Affirmative Defense:***  The claims of Plaintiffs and the members of the putative class are barred, or any recovery should be reduced, to the extent that they spoliated evidence that may be relevant to this action.

13.     ***Thirteenth Affirmative Defense:***  To the extent that Plaintiffs and the members of the putative class claim punitive damages, such awards are prohibited under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.  Plaintiff and the putative class members also fail to allege claims sufficient to entitle them to such an award.

14.     ***Fourteenth Affirmative Defense:***  Application of the laws of the District of Columbia to certain non-resident members of the putative class who did not reside in or work at Whole Foods stores located in the District of Columbia would violate the Due Process Clause of the Fourteenth Amendment.

15.     ***Fifteenth Affirmative Defense:***  Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

16.      ***Sixteenth Affirmative Defense:***  Whole Foods at all times relevant to the Second Amended Complaint acted in compliance with the applicable wage statutes, and is entitled to every defense afforded to it by those statutes.

17.      ***Seventeenth Affirmative Defense:***  The damages Plaintiffs seek would be disproportionate to the harm alleged or suffered by Plaintiff, would be excessive, and would violate Whole Foods' constitutional rights.

18.      ***Eighteenth Affirmative Defense:***  This action cannot be maintained as a class action because the named Plaintiffs and the putative class and subclasses cannot satisfy the requirements of Fed. R. Civ. P. 23.

19.      ***Nineteenth Affirmative Defense:***  This action cannot be maintained as a class action because class certification would violate Whole Foods' rights as provided by the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution, including but not limited to, Whole Foods' right to procedural and substantive safeguards, which include traditional defenses to liability.

20.      ***Twentieth Affirmative Defense:***  This action cannot be maintained as a class action because the questions of fact at issue are not common to the alleged class and subclasses, but rather, are highly specific and will vary dramatically from person to person, and because class membership is not ascertainable.

21.      ***Twenty-First Affirmative Defense:***  This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

*AUS 536756087v11*

22.     ***Twenty-Second Affirmative Defense:***     This action should not be maintained as a class action because Plaintiffs are not typical class representatives.

23.     ***Twenty-Third Affirmative Defense:***     Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

## RESERVATION OF DEFENSES

Further responding, Whole Foods states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.   Whole Foods intends to rely on any additional defenses which may become available or apparent during proceedings in this case, and it expressly reserves the right to amend this Answer to assert such additional defenses.

## PRAYER

**WHEREFORE**, Whole Foods prays as follows:

1     That Plaintiffs take nothing by reason of the Complaint or any claims stated therein;

2.     That the Complaint is dismissed with prejudice;
3.     That judgment is entered in favor of Whole Foods and against Plaintiffs;
4.     That Whole Foods is awarded its costs and attorneys' fees incurred in defense of this action as allowed by law; and

5.     For such other and further relief as the Court deems just and proper.

*AUS 536756087v11*

Dated:  April 30, 2018

Respectfully Submitted,

**GREENBERG TRAURIG, LLP**

By: _/s/ Gregory J. Casas_
Gregory J. Casas
Bar No. 455329
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone:  512.320.7200
Facsimile:  512.320.7210

David Sellinger
Bar No. 282780
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Telephone:  973.360.7900
Facsimile:  973.301.8410

_- and -_

**WHOLE FOODS MARKET GROUP, INC**.

John Hempfling, Esq.
(_pro hac vice_)
550 Bowie Street
Austin, Texas 78703
Tel: (512) 542-0213
Email: John.Hempfling@wholefoods.com

_Attorneys for Defendants Whole Foods
Market Group, Inc., and Whole Foods
Market Services, Inc._

43

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service are being served this 30th day of April, 2018, via the Court's CM/ECF System.

/s/ Gregory J. Casas

Gregory J. Casas

AUS 536756087v11