

David Sellinger
Tel 202.331.3100
Fax 973.301.8410
sellingerd@gtlaw.com

May 23, 2018

Honorable Amit P. Mehta
U.S. District Judge
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

      ***Re:   Molock, et al. v. Whole Foods Market Group, Inc.,*** Case No. 1:16-cv-02483: Supplemental authority relating to Whole Foods' Motion to Certify for Interlocutory Appeal.

Dear Judge Mehta:

      Defendant Whole Foods Market Group, Inc. files this letter brief to advise the Court of supplemental authority that is relevant to Whole Foods' Motion to Certify for Interlocutory Appeal (Dkt. 37), which is currently pending before the Court. In its Motion to Certify, Whole Foods seeks an interlocutory appeal to address a single but central legal question—whether the recent decision in *Bristol-Myers Squib Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), applies to class actions.

      Following the parties' briefing, two additional opinions have been published on this issue, both of which support Whole Foods' position that *Bristol Myers* applies to class actions.[1] First, in *Howe v. Samsung Electronics of America, Inc.*, No. 1:16cv386, 2018 WL 2212982, at *3–4 (N.D. Fla. Jan. 5, 2018), the court held that *Bristol-Myers* applies to Rule 23 class actions. Specifically, the court noted that "a defendant who is not subject to personal jurisdiction on an individual claim also is not subject to [personal] jurisdiction on a class-action claim." *Id.* Thus, the court in *Howe* held that the distinction between mass torts and class actions "makes [no] difference," and therefore dismissed the nationwide class claims for all putative out-of-state class members. *Id.* at *5.

      Similarly, in *Chavez v. Church & Dwight Co.*, No. 17 C 1948, 2018 WL 2238191, at *10–11 (N.D. Ill. May 16, 2018), after acknowledging the split of authority on the issue, the court nevertheless held that *Bristol-Myers* applies to class actions. The court explained that "[n]othing in *Bristol-Myers* suggests that its basic holding is inapplicable to class actions; rather, the Court announced a general principle—that due process requires a connection between the

---

[1] One of these opinions was signed before the Court issued its March 15, 2018 Memorandum Opinion. However, the opinion was not electronically published on Westlaw until after Whole Foods filed its Reply in Support of the Motion to Certify, and therefore was not discovered during Whole Foods' previous research.

AUS 536762863v4

forum and the specific claims at issue." *Id.* (internal quotations omitted). Therefore, the court dismissed plaintiff's claims brought on behalf of non-Illinois residents.

In addition to these two cases, the Maryland District Court recently discussed *Bristol-Myers*'s applicability in the context of plaintiff's motion for leave to add a nationwide class claim. *See Weisheit v. Rosenberg & Assocs., LLC*, No. JKB-17-0823, 2018 WL 1942196, at *4–6 (D. Md. Apr. 25, 2018). In that case, the defendant argued that plaintiff's proposed amendment would be futile because *Bristol-Myers* barred any claim on behalf of out-of-state class members. The court rejected defendant's argument as premature and noted that even if out-of-state class members would be excluded, the plaintiff could still bring a class action on behalf of Maryland residents. However, the court emphasized that "many hurdles stand in the way of bringing a class action against [defendant] in this Court, including, potentially, the Court's exercise of personal jurisdiction." *Id.* at *5. Therefore, *Wiesheit* acknowledged that *Bristol-Myers*'s applicability would be an issue, but simply declined to rule on the issue at that time.

Thus, it is clear that the two competing bodies of law on this central legal question are growing, with new courts and new jurisdictions reaching different results seemingly every month. In fact, excluding this Court's opinion, there is currently an even split of nine cases holding that *Bristol-Myers* applies to class actions or similar FLSA proceedings, and nine cases reaching the opposite result. Whole Foods asks that the Court recognize that there is a substantial basis for difference of opinion on this controlling question of law, thus satisfying the second criterion for granting an interlocutory appeal. *See* 28 U.S.C. § 1292(b); *APCC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 98 (D.D.C. 2003) ("recogniz[ing] the arguments in support of contrary conclusions are not insubstantial.").

Honorable Amit P. Mehta, U.S.D.J.
May 23, 2018
Page 3

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ David E. Sellinger*
David Sellinger
Bar No. 282780
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Telephone: 973.360.7900
Facsimile: 973.301.8410

Gregory J. Casas
Bar No. 455329
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: 512.320.7200
Facsimile: 512.320.7210

John H. Hempfling, II (pro hac vice)
Whole Foods Market Central Office
550 Bowie Street
Austin, Texas 78703
Telephone: 512.542.0213
Facsimile: 512.482.7000

*Attorneys for Whole Foods Market Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service are being served this 23rd day of May, 2018, via the Court's CM/ECF System.

*/s/ Gregory J. Casas*
*Gregory J. Casas*