

**Salvatore J. Zambri**

Direct 202-822-1899
szambri@reganfirm.com

*Board Certified, Civil Trials,*
*National Board of Trial Advocacy*
*Admitted in DC, MD, NY and NJ*

May 31, 2018

Honorable Amit P. Mehta
United States District Judge
District Court for the District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

         Re: *Molock,* et al. *v. Whole Foods Market Group, Inc.*
            Case No. 1:16-cv-02483-APM
            Notice of Supplemental Authority

Dear Judge Mehta:

Plaintiffs file this letter brief in order to advise the Court of supplemental authority relevant to Defendant's Motion to Certify for Interlocutory Appeal (ECF No. 37), as well as to correct a misstatement of law presented in Defendant's letter of May 23, 2018 ("Letter").

**First, the correction.** In its Letter, Defendant represents that the United States District Court for the Northern District of Florida recently issued an opinion, *Howe*,[1] that endorsed Defendant's proposed application of *Bristol-Myers*[2] to class actions. To that end, Defendant quotes the court as having stated that "a defendant who is not subject to personal jurisdiction on an individual claim also is not subject to [personal] jurisdiction on a class-action claim." (Def.'s Ltr. at 1 (quoting *Howe*, 2018 WL 2212982, at *3-4)). Defendant's reliance on that quotation is misplaced, at best.

The *Howe* court wrote the quoted language in reference to its dismissal of the claims of three out-of-state **named, putative class representatives** (Mr. McCallon and Mr. and Mrs. Ware) who sought to bring their claims in the Northern District of Florida despite their

---

[1] *Howe v. Samsung Electronics of America, Inc.*, No. 1:16-cv-00386, 2018 WL 2212982 (N.D. Fla. Jan. 5, 20-18).
[2] *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017).

claims having arisen through purchases made outside of Florida. Indeed, that could hardly be clearer from the court's own summary of that section of its memorandum opinion: "In sum, this court lacks personal jurisdiction over the defendants on the claims arising from the sales to Mr. McCallon and the Wares outside of Florida. Those claims cannot go forward in this court." *Howe*, 2018 WL 2212982, at *5. Those plaintiffs were perfect analogues for former plaintiffs Strickland and Bowens in this case, whose claims were dismissed by the Court in its March 15, 2018, Memorandum Opinion and Order (ECF No. 34).

At no point in its opinion did the *Howe* court ever hold (or even suggest) that *Bristol-Myers* should be interpreted to bar Rule 23 class representatives from advancing the claims of putative class members who are not residents of the forum jurisdiction. To the contrary, the *Howe* court explicitly noted that the Florida plaintiffs would continue to represent a nationwide class: "First, even after dismissal of the McCallon and Ware claims, this case will still include a proposed nationwide class unaffected by any running of a statute of limitations during the pendency of the case." *Howe*, 2018 WL 2212982, at *6.

In sum, not only does *Howe* not support Defendant's position; it does not even provide supplemental authority regarding the question on which Defendant seeks certification for interlocutory appeal.

**Second, supplemental authority.** In addition to the cases highlighted in Defendant's Letter, at least one other court has provided recent observations regarding the state of the application of *Bristol-Myers* to class actions—the United States District Court for the District of New Jersey. Although the court ultimately found that it would be premature to decide the issue at the pleading stage, it provided a thorough survey of the state of the law:

> To provide some background, since the Supreme Court rendered its decision in *Bristol-Myers*, district courts are in disagreement as to whether, in a class action context, courts must have personal jurisdiction over the claims of the nonresident, unnamed class members. On one hand, courts in the Northern District of Illinois have uniformly determined that "*Bristol-Myers* applies with equal force in the class action context." One other court, in the District of Arizona, has concluded the same.
>
> On the other hand, most of the courts that have encountered this issue have found that *Bristol-Myers* does not apply in the

> federal class action context. But, more importantly, these cases universally held that in a putative class action 1) courts are only concerned with the jurisdictional obligations of the named plaintiffs; and 2) unnamed class members are irrelevant to the question of specific jurisdiction.

*Chernus v. Logitech, Inc.*, No. CV 17-673(FLW), 2018 WL 1981481, at *7 (D.N.J. Apr. 27, 2018) (internal citations omitted).

It should be noted, as well, that notwithstanding Defendant's optimistic characterization of *Weisheit* in its Letter, in that case, the United States District Court for the District of Maryland made only the same observations:

> First, Bristol-Myers does not clearly foreclose the possibility of a nationwide class in this case. [] Defendant cites two cases from the Northern District of Illinois that have extended Bristol-Myers to cases analogous to the one before the Court. But Plaintiff cites many other cases that have declined to extend Bristol-Myers beyond its facts. The takeaway is that it is not apparent that Bristol-Myers renders Plaintiff's proposed amendments futile.

*Weisheit*, 2018 WL 1942196, at * 5.

In sum, decisions issued since the parties completed their briefing on the question of the applicability of *Bristol-Myers* to class actions have not altered the balance of authorities. The Northern District of Illinois interprets *Bristol-Myers* to bar Rule 23 class representatives from advancing the claims of putative class members who are not residents of the forum jurisdiction, and one judge in the District of Arizona has followed its lead.[3] However, every single other court to have squarely confronted the issue has come down in the opposite direction. And for good reason—interpretation of *Bristol-Myers* in the manner urged by Defendant would result in nothing less than a judicial erasure of Rule 23 from the Federal Rules of Civil Procedure.

---

  3   Briefly, in footnoted dicta, with no analysis provided, and with no evidence that the issue was briefed by the parties. *See* Pls.' MP&A in Opp. to Def.'s Mot. to Certify for Interlocutory Appeal, ECF No. 38, at 7-8.

Hon. Amit Mehta
May 31, 2018
Page 4 of 4

The split of authority is less "two competing bodies of law," (Def.'s Letter at 2), and more "a growing consensus coalescing around a common-sense interpretation, with an outlier." There is no more justification now than there was at the time of the parties' briefs to grant the relief Defendant requests.

Dated: May 31, 2018                     Respectfully submitted,

                                        REGAN ZAMBRI LONG

By:  */s/ Salvatore J. Zambri*
      Salvatore J. Zambri     D.C. Bar No. 439016
      szambri@reganfirm.com
      Patrick M. Regan      D.C. Bar No. 336107
      pregan@reganfirm.com
      Christopher J. Regan    D.C. Bar No. 1018148
      cregan@reganfirm.com
      1919 M Street, NW, Suite 350
      Washington, DC 20036
      PH:  (202) 463-3030
      FX:  (202) 463-0667
      *Counsel for Plaintiffs*