# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**MICHAEL MOLOCK, et al.,**                    )
)
    **Plaintiffs,**                            )
)
    **v.**                                     )          **Case No. 16-cv-02483 (APM)**
)
**WHOLE FOODS MARKET GROUP, INC.,**            )
)
    **Defendant.**                             )
_____ )

## ORDER

After review of the parties' Joint Rule 26(f) Conference Report, ECF No. 42, and pursuant to the Status Conference held on June 1, 2018, the court orders the following with regard to further proceedings in this matter:

    I.    <u>Scope of Discovery</u>

Defendant Whole Foods Market Group, Inc. ("WFMG") requests that this case be coordinated with the closely-related case of *Vasquez v. Whole Foods Market Services, Inc.*, 17-cv-00112-APM (D.D.C.), for purposes of discovery and related pretrial scheduling. *See* Jt. Rule 26(f) Conf. Report at 1 n.1. Plaintiffs agree to reasonable coordination of discovery with *Vasquez* to the extent practicable. *Id.* Accordingly, in order to avoid unnecessary conflicts and expense, conserve judicial resources, and expedite the disposition of both cases, the court will not consolidate discovery in both cases, but instead urges the parties to coordinate discovery to the extent practicable between the two cases. If the parties are unable to reach agreement regarding the coordination of discovery, then the parties should follow the procedure set forth below concerning discovery disputes.

By Memorandum Opinion and Order filed herewith, the court granted Defendant's Motion to Certify for Interlocutory Appeal that aspect of the court's March 15, 2018 Order holding that the jurisdictional due process limits proscribed in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), do not extend to unnamed, nonresident members of a putative nationwide class in federal court.  *See* Mem. Op., ECF No. 44.  In light of its ruling, pending resolution of the interlocutory appeal, the court stays all discovery with respect to certification of a nationwide class.  Accordingly, the scope of discovery in this case shall proceed with respect to all Whole Foods grocery stores operated by WFMG in the District of Columbia, Maryland, and any other store at which a plaintiff in *Vasquez* was employed.  This limitation does not preclude Plaintiffs from attempting to discover the extent to which WFMG executives, officers, and employees directed or had knowledge of alleged abuses of the Gainsharing program.

## II.     Scheduling

The court shall conduct a recurring status conference every ninety (90) days to determine the status of discovery.  The first status conference in this matter shall take place on **October 1, 2018, at 2:00 p.m**.  Counsel may participate by phone with advance notice to the court.  Three (3) days prior to each status conference, the parties shall submit a Joint Status Report that summarizes the status of discovery, identifies any discovery disputes to be resolved at the conference, and proposes a date for the following status conference.  The remaining schedule is as follows:

A.     **Initial Disclosures:**  The parties shall exchange their initial disclosures, as required under Rule 26(a)(1), on or before **July 1, 2018.**

B.     **Protective Order:**  The parties shall file a proposed Protective Order on or before **July 1, 2018**.  The parties are encouraged to coordinate a Joint Protective Order with *Vasquez*.

C.     **Written Discovery:**  The parties shall propound initial written discovery requests on or before **July 1, 2018**.  The parties may propound additional written discovery requests after this date, provided those requests are within

the numerical limits prescribed by this Order and issued in sufficient time to allow responses within thirty (30) days.  In no event shall any written discovery requests be propounded within sixty (60) days of the discovery deadline absent leave of court.

Defendant may propound a total of up to 25 unique interrogatories as to all Plaintiffs.  Every unique interrogatory, even if not directed to all Plaintiffs, shall count towards the total.  Plaintiffs may propound a total of up to 30 interrogatories.

D.    **Joinder of parties/amendment of pleadings:**  The deadline for joinder of parties and amendment of pleadings is **December 15, 2018.**

E.    **Production of documents:**  Document production shall be completed by **January 1, 2019**, and may proceed on a rolling basis until that date.

F.    **Supplemental responses:**  Supplemental responses to written discovery requests shall be served on or before **April 3, 2019**.

G.    **Fact-Witness Depositions:**  All depositions of fact witnesses shall be completed by **June 30, 2019**.

Defendant may take up to 15 depositions of fact witnesses.  Plaintiffs may take up to 15 depositions of fact witnesses, in addition to the depositions of the nine *Vasquez* plaintiffs.

H.    **Fact Discovery Deadline:**  Fact discovery shall conclude on **June 30, 2019**.

I.    **Expert Discovery:**  Plaintiffs shall serve their expert report(s), consistent with Rule 26(a)(2), on or before **August 29, 2019**.  Defendant shall depose Plaintiffs' expert(s) on or before **September 30, 2019**.  Defendant shall serve its expert report(s), consistent with Rule 26(a)(2), on or before **November 29, 2019**.  Plaintiffs shall depose Defendant's designated expert(s) on or before **December 30, 2019**. The parties will address the need, scope, and scheduling of any additional merits-related expert discovery at the status conference following ruling on plaintiff's motion for class certification.

J.    **Expert Discovery Deadline:**  Expert discovery shall conclude on **December 30, 2019**.

K.    A Post-Discovery Status Conference is set for **January 6, 2020, at 10:00 a.m.** in Courtroom 10.

L.     **Class Certification:**   Plaintiffs shall file their Motion for Class Certification on or before **February 28, 2020**.  Defendant shall file its Response in Opposition to Class Certification on or before **April 28, 2020**. Plaintiffs shall file their Reply in Support of Certification on or before **May 28, 2020**.  Oral argument on the Motion for Class Certification is scheduled for **July 13, 2020, at 10:00 a.m.** in Courtroom 10.

**The parties may not extend by stipulation the deadline for the first Status Conference and corresponding Joint Status Report, the fact and expert discovery deadlines, or the Post-Discovery Conference. Instead, the parties must seek an extension by motion.  A motion to extend any of those three deadlines shall indicate whether any previous extensions were requested.**

**The parties may modify all other interim deadlines by stipulation.  If the parties cannot agree to a schedule modification, then the party seeking additional time must file a motion and show good cause for the modification.**

III.    <u>Discovery Disputes</u>

Parties shall not exceed the numerical limitations placed on the various methods of discovery as set forth by this Order or in the Federal Rules of Civil Procedure, unless granted leave by the court.

In the event that a discovery dispute arises, the parties shall make a good faith effort to resolve or narrow the areas of disagreement.  If the parties are unable to resolve the discovery dispute, then the parties shall jointly call Judge Mehta's chambers at (202) 354-3250, at which time the court will either rule on the issue or determine the manner in which it will be handled. The parties may not file a discovery motion without leave of court.

Disputes regarding discovery must be raised on or before the discovery deadline.  Disputes raised after the deadline will be considered untimely.  Likewise, a request for additional time to conduct additional discovery must be made on or before the discovery deadline.  A request for an extension of time made after the discovery deadline will be considered untimely.

IV.     <u>Electronically Stored Information</u>

The parties are required to preserve relevant electronically stored information.  If any disagreement arises regarding electronically stored information, then the parties shall confer in good faith to resolve the dispute, and if unable to reach an agreement, the applicable party shall file a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

The parties should produce electronically-stored information (ESI) electronically in Bates-numbered, searchable PDF format, where practical. However, spreadsheets will be produced in their native format, with an accompanying "slip sheet" containing the Bates number for the spreadsheet.  The parties shall preserve all ESI in native format and shall produce ESI in its native format upon request.

V.      <u>Claims of Privilege/Protection as Trial-Preparation Materials</u>

For any documents withheld on the basis of a privilege or work product, the party responding to discovery shall provide a privilege log which includes the Bates number (if any) of the privileged document and: (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion.  The following documents do not need to be identified on any such privilege log: communications between any party and its counsel which occurred after the date of the filing of the Complaint; and documents and things created by or for a Party's attorney, or otherwise subject to the attorney work product doctrine, after the date of the filing of the Complaint.  The parties shall confer in good faith to determine a mutually acceptable definition of the documents that are subject to the attorney work product doctrine, and will include that mutual definition within their Joint Protective Order.

Inadvertent disclosure of material subject to the attorney client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any

claim that such material is privileged, or protected by the work product immunity or any other applicable privilege.  Upon discovery of any such inadvertently produced or disclosed material, the producing party shall promptly provide written notice to the receiving party.  Such inadvertently produced or disclosed material, including all copies thereof, shall be either returned to the producing party or destroyed immediately upon request, and the receiving party shall immediately destroy any notes or other writings or recordings that summarize, reflect or discuss the content of such privileged material.  Any receiving party destroying any information contemplated by this paragraph shall provide express written confirmation to the producing party upon such destruction.

Unless otherwise obtained through legitimate means, no use shall be made of such inadvertently produced or disclosed material during deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request that it be returned.  The receiving party may move the Court for an Order compelling production of any inadvertently produced or disclosed material, but the motion shall not assert as a ground the fact of the inadvertent production or disclosure.  The party claiming privilege on documents that are the subject of a motion to compel shall provide copies of the documents to the Court for in camera inspection concurrent with the filing of its response to the motion to compel.

The foregoing provisions regarding inadvertent disclosure are intended as a supplement to the protections provided in Federal Rule of Evidence 502 and Fed. R. Civ. P. 26(b)(5)(B).

VI.    Settlement

The parties are expected to continue to evaluate their respective cases for purposes of settlement.  The court encourages the use of alternative dispute resolution—e.g., mediation or neutral case evaluation.  The use of these methods is available at any time, as is a settlement

conference before a magistrate judge.  If the parties are interested in further pursuing these options, then they may contact Chambers at any time.


Dated:  June 11, 2018                                        Amit P. Mehta
                                                                     United States District Judge