IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL MOLOCK, *et al.*,      :

    Plaintiffs,      :

  v.      :    Case No. 1:16-cv-02483-APM
                                                           Judge Amit P. Mehta

WHOLE FOODS MARKET GROUP, INC.,      :

    Defendant.      :

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO ENTER PROTECTIVE ORDER

Plaintiffs,[1] through undersigned counsel, respectfully oppose Defendant Whole Foods Market Group, Inc.'s ("Whole Foods") Motion to Enter Protective Order (ECF No. 42) and request that the Court instead enter Plaintiffs' Proposed Protective Order (attached as Exhibit 1).

Plaintiffs, through counsel, made good-faith efforts to reach agreement with Whole Foods on language for a protective order. Despite those efforts, the parties have been unable to reach agreement with respect to the four discrete issues described below.

---

[1] In the interest of judicial economy, at opposing counsel's request, and consistent with the Court's Order regarding cooperation, counsel for the plaintiffs in both *Molock* and *Vaquez* have cooperated and worked diligently to reach agreement on the areas of dispute with respect to Defendant's proposed protective order. Accordingly, the positions advanced by the plaintiffs in both *Molock* and *Vaquez* in opposition to Whole Foods' Motion to Enter Protective Order are the same.

### 1. The Definition of "Confidential Information" Should be Limited to Categories of Documents.

Whole Foods is requesting that the Court give Whole Foods free rein to designate documents as "Confidential Information" at its sole discretion. Whole Foods argues that it requires such unbridled discretion because "Whole Foods cannot accurately predict an exhaustive list of categories of documents that might need to be designated as Confidential." (Def.'s Mot. at 3). The problem with this approach is two-fold.

First, a protective order is not issued to a party as a matter of right. Quite the contrary, a party may only obtain a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of "good cause." FED. R. CIV. P. 26(c). Whole Foods' argument that it should have absolute authority to mark any document as "Confidential Information" because it cannot predict, in the universe of its own documents, which categories require confidentiality falls well short of the "good cause" that it must demonstrate.

Second, Plaintiffs' proposed definition of "Confidential Information," while not unlimited, is broad enough to encompass Whole Foods' concerns. For example, in response to Whole Foods' demand that it has absolute authority to determine what should be labeled "Confidential Information," Plaintiffs made a reasonable request that Whole Foods simply identify the categories of documents it deems to be "Confidential." Plaintiffs have agreed that the documents pertaining to the following may be designated as "Confidential Information":

> trade secrets, training manuals, employment handbooks, internal policies and procedures, confidential or proprietary

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

2

> financial or business information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

What other category information could possibly be deemed "Confidential Information"? Whole Foods does not supply an answer to this question. Thus, its motion must be denied for failing to show good cause. Moreover, Plaintiffs have made clear to Whole Foods that if it later conceives of a category of documents that it believes should be deemed "Confidential," then the parties can meet and confer and—hopefully—come to an agreement over whether its designation as "Confidential" is appropriate. If the parties are unable to reach an accord, then they can seek the Court's intervention.

### 2. The Definition of "Attorneys' Eyes Only" Should Also be Limited to Categories of Documents.

As with "Confidential Information," Whole Foods seeks from the Court the unrestrained power to identify any document as for "Attorneys' Eyes Only." In an attempt to reconcile the dispute, Plaintiffs have proposed to agree that the following categories of documents may be designated as "Attorneys' Eyes Only":

> product formula information, design information, non-public financial information, pricing information, customer identification data, personnel information and salary and bonus information for employees other than the respective named plaintiffs, and certain study methodologies.

Again, Whole Foods argues that it cannot "accurately predict an exhaustive list of documents that might warrant being designated Attorneys' Eyes Only." If Whole Foods

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

3

cannot identify **categories** of its own documents that **may** be appropriately designated as "Attorneys' Eyes Only," then it cannot establish the good cause necessary to obtain a protective order.

Plaintiffs have agreed to meet and confer with Whole Foods should Whole Foods later identify an additional category of documents in the future that it believes warrants designation as "Attorneys' Eyes Only." Plaintiffs, however, object to Whole Foods request for *carte blanche* to label documents as "Attorneys Eyes Only" simply because it cannot predict the future. Plaintiffs request only that there be some reasonable limitation placed on Whole Foods, so Plaintiffs and the Court can properly assess any proposed confidential markings.

### 3. Whole Foods Should be Prohibited from "Mass Designations" of Confidential Information.

In order to curb abuse with respect to mass, indiscriminate designations of documents as "Confidential Information" or "Attorneys' Eyes Only," Plaintiffs proposed that the following language be included in the protective order:

> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.
>
> Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

4

>development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

Whole Foods objects to this reasonable restriction. (Def.'s Mot. at 4-5). Perhaps already contemplating "mass, indiscriminate, or routinized designations," Whole Foods argues, "This proposed language does not appear in the form protective order, and Whole Foods has found no authority to support adding it to a protective order." Whole Foods certainly did not conduct an extensive search. This language was taken directly from the form stipulated protective order for the U.S. District Court for the Central District of California.[2] This is a reasonable restriction to guard against abuse, which is necessary given the broad discretion afforded to Whole Foods to designate documents as confidential even under Plaintiffs' proposed protective order. Moreover, Whole Foods cannot identify any undue harm it would suffer with the inclusion of such language in the protective order.

### 4. Plaintiffs Must be Able to Use Documents Designated as Confidential or Attorneys' Eyes Only During Depositions and at Trial.

Finally, Whole Foods asks this Court to limit, if not prohibit altogether, Plaintiffs' ability to use documents marked as "Confidential" or "Attorneys' Eyes Only" during depositions and at trial. In its motion, and as expressed to undersigned counsel, Whole Foods requests that documents designated as "Confidential" or "Attorneys' Eyes Only" be used **only** "in the examination or cross-examination of any person who is indicated on

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

---

[2] The Form Protective Order is available here at pages 6-7: https://www.cacd.uscourts.gov/sites/default/files/documents/AFM/AD/AFM%20Form%20Stipulated%20Protective%20Order%20%28rev%207-14-16%29.pdf

5

the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information." (Def.'s Mot. at 6-7). Whole Foods attempts to justify such an extreme restriction by arguing:

> If Plaintiffs' counsel discloses Confidential or Attorneys' Eyes Only documents that contain personal information of Whole Foods' employees during a deposition, then Whole Foods' employees...may learn information about current of [sic] former coworkers.

(Def.'s Mot. at 6). As an example of the prejudicial nature of Defendant's request, if Whole Foods were to have its way, then Plaintiffs would be prohibited from asking Brooke Buchanan or Dave Gearhart (high-level representatives of Whole Foods) during their depositions about documents concerning the *Molock* and *Vasquez* Plaintiffs. There is no basis for such an overly burdensome restriction except to prejudice the Plaintiffs in prosecuting their case. In all areas of civil litigation, lawyers routinely (and appropriately) bring to the attention of witnesses documents created by others. Simply put, Plaintiffs should not be prohibited from using a document during a deposition or at trial merely because the witness did not create the document or receive it in the normal course of business.

Plaintiffs recognize that there may be some personal information (i.e., social security numbers) in a document pertaining to a present or former employee of Whole Foods that should be redacted from such a document when it is being used during a deposition or at trial. Furthermore, any concern about the disclosure of Confidential Information during a deposition can be allayed by marking as "Confidential" the pages of the deposition transcript containing "Confidential Information." This reasonable

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

6

approach is commonly endorsed by courts to protect confidential or sensitive information from public disclosure.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Defendant's Motion to Enter Protective Order and enter Plaintiffs' Proposed Protective Order (attached as Exhibit 1).

Dated: July 19, 2018                    Respectfully submitted,
                                        REGAN ZAMBRI LONG

                                        By:  /s/ *Christopher J. Regan*
                                             Patrick M. Regan         Bar No. 336107
                                             pregan@reganfirm.com
                                             Salvatore J. Zambri      Bar No. 439016
                                             szambri@reganfirm.com
                                             Christopher J. Regan     Bar No. 1018148
                                             cregan@reganfirm.com
                                             1919 M Street, NW, Suite 350
                                             Washington, DC 20036
                                             PH:  (202) 463-3030
                                             FX:  (202) 463-0667
                                             *Counsel for Plaintiff*

### Certificate of Service

I HEREBY CERTIFY that on July 19, 2018, I electronically served the foregoing Memorandum of Points and Authorities in Opposition to Defendant's Motion to Enter Protective Order via the Court's electronic filing system to counsel of record for all partied who have appeared.

                                         /s/ *Christopher J. Regan*
                                         Christopher J. Regan